**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 03-50200
_____

IN RE: MICHAEL DEWAYNE JOHNSON,

Applicant,

-------------------------------------------
ORDER
AUTHORIZING THE DISTRICT COURT TO CONSIDER
A SUCCESSIVE HABEAS CORPUS APPLICATION
AND GRANTING A STAY OF EXECUTION
-------------------------------------------

February 25, 2003

Before DeMOSS, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:

Michael DeWayne Johnson (hereinafter "Applicant") has moved this Court for permission to file a successive petition for writ of habeas corpus in the United States District Court for the Western District of Texas, Waco Division. The form of such proposed successive petition for writ of habeas corpus is included within the papers filed by Applicant with this Court. The authority of this Court to act on such motion is stated in 28 U.S.C §2244 (b)(3)(C) as follows:

> The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the applicant satisfies the requirements of this subsection.

The precedent of this Court clearly establish that by the term "*prima facie* showing we understand ... simply a sufficient showing

of possible merit to warrant a fuller exploration by the district court."  Therefore, if from the application and its supporting documents, 'it appears reasonably likely that the application satisfies the stringent requirements for the filing of a second or successive petition,' the application shall be granted."  Reyes-Requena v. United States, 243 F.3d 893, 899 (5th Cir. 2001) (citing Bennett v. United States, 119 F.3d 468, 469 (7th Cir. 1997)).

We have carefully reviewed Applicant's motion and the documents appended as exhibits thereto and those filed therewith and we find that Applicant has made a *prima facie* showing that:

> (1)  the claims presented in the proposed successive habeas corpus application have not previously been presented in any prior application to this Court;

> (2)  the factual predicates for the claims asserted in the proposed successive habeas corpus application could not have been discovered previously through the exercise of due diligence;

> (3)  the facts underlying the claims in the proposed successive habeas corpus application, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional errors asserted therein, no reasonable fact finder would have found the applicant guilty of the underlying offense.

Accordingly, **we authorize Applicant to file the proposed successive habeas corpus petition with the district court named therein.**  This grant is, however, "'tentative in the following sense: the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing

2

of such a motion.'  The district court then is the second 'gate' through which the petitioner must pass before the merits of his or her motion are heard."  Reyes-Requena, 243 F.3d at 899 (quoting Bennett, 119 F.3d at 470); see also 28 U.S.C. § 2244(b)(4).  The district court "must conduct a 'thorough' review to determine if the motion 'conclusively' demonstrates that it does not meet AEDPA's second or successive motion requirements."  Reyes-Requena, 243 F.3d at 899 (citing United States v. Villa-Gonzalez, 208 F.3d 1160, 1165 (9th Cir. 2000)).

Applicant has also moved this Court for a stay of his execution now set for after 6:00 p.m. on Wednesday, February 26, 2003.  We see nothing in the response by the State of Texas which would support a determination on our part that Applicant is attempting to "manipulate the judicial process and secure a stay of execution by unjustifiably delaying the presentation of constitutional challenges to a capital conviction or sentence until immediately before a scheduled execution;" and likewise we see nothing upon which we could determine that "the granting of the stay would substantially harm other parties," including the State of Texas.  Furthermore, we think Applicant has made a sufficient showing of likelihood of success on the merits that the public interest would be served by granting the stay.  Accordingly **Applicant's execution now scheduled for after 6:00 p.m. on Wednesday, February 26, 2003, is hereby stayed pending final determination of the successive habeas petition whose filing we**

3

have authorized herein.

**FORTUNATO P. BENAVIDES, Circuit Judge, DISSENTING:**

I believe that the applicant has failed to make a <u>prima facie</u> showing either: that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," or that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."[1]  Therefore, I would deny leave to file a successive habeas petition.  Accordingly, I would also deny the motion for stay of execution.

---

[1]  28 U.S.C. § 2244(b)(2)(B)(i) & (ii).

5