[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-14736

_____

D. C. Docket No. 03-01052-CV-J-20-MMH

KEITH LAMONT JORDAN,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 14, 2007)

Before CARNES, WILSON and HILL, Circuit Judges.

CARNES, Circuit Judge:

Keith Lamont Jordan is serving sentences of life imprisonment and twenty-two years following his conviction in Florida state court for first degree murder, attempted first degree murder, and armed robbery. After the First District Court of Appeals affirmed his conviction, Jordan v. State, 696 So. 2d 344 (Fla. 1st DCA 1997) (table), Jordan filed a habeas corpus petition in that same appellate court, which was denied, and then filed in the state trial court a collateral attack on his conviction under Florida Rule of Criminal Procedure 3.850, which was also denied.

Thereafter, in September of 2000, Jordan filed his first petition in federal court pursuant to 28 U.S.C. § 2254. The district court dismissed it with prejudice as untimely. He then filed another Rule 3.850 motion for collateral relief in the state trial court. After that motion was denied, Jordan in October of 2003 filed pro se an application in this Court seeking an order permitting him to file a second or successive § 2254 petition in the district court. His application said that he wanted to raise in the petition a claim of actual innocence based on newly discovered evidence.

Jordan's actual innocence claim was based on the declaration of two convicted felons he met in prison who said that they had seen someone else

2

commit the crime and on Jordan's own declaration that he did not do it. Jordan

sought to explain away his confession as the product of coercion by declaring that

he had confessed only because the detectives had threatened to prosecute his

mother if he didn't. A panel of this Court found that Jordan had made out a prima

facie case under 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive

petition in the district court and entered an order permitting him to do so. (Order,

Nov. 17, 2003.)

Jordan then filed his second § 2254 petition in the district court, which

asserted a claim of actual innocence. He also asked for the assistance of counsel,

and the district court appointed the Federal Public Defender to represent him.

Acting as Jordan's counsel, an Assistant Federal Public Defender filed in the

district court a memorandum of law in support of the petition for writ of habeas

corpus. That memorandum conceded, on behalf of Jordan, that a freestanding

claim of actual innocence did not provide a basis for federal habeas relief. This is

that concession:

> A bare claim of actual innocence based upon
> newly discovered evidence, without "an independent
> constitutional violation" does not establish a basis for
> federal habeas relief. Herrera v. Collins, 506 U.S. 390,
> 400 (1993). While "the federal court must grant an
> evidentiary hearing" in the presence of newly discovered
> evidence, the "evidence must bear upon the
> constitutionality of the applicant's detention." Id.,

3

quoting <u>Townsend v. Sain</u>, 372 U.S. 293, 317. "[T]he existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." <u>Id.</u>

(Petr.'s Mem. of Law in Supp. of Pet. for Writ of Habeas Corpus 2, Feb. 23, 2004.)

Immediately after making that concession, the memorandum argued that Jordan's petition did assert a constitutional claim, which it identified as the allegations that his confession had been coerced and, as a result, its use against him at trial had violated the Fifth and Fourteenth Amendments to the Constitution. This is how the memorandum explained that theory:

> In Mr. Jordan's case, the petition states the grounds for habeas relief as being "newly discovered evidence supporting claim of actual innocence." At first blush, looking simply at the title of the claim, one might prematurely determine that <u>Herrera</u> and <u>Townsend</u> preclude relief. However, upon review of the facts supporting the claim, Mr. Jordan identifies "an independent constitutional violation." Mr. Jordan claims that his confession was unvoluntary. Within a declaration attached to the petition, Mr. Jordan states the reason for making the statement was the result of the detectives telling him that his "mother could be charged for criminal negligence since he was a minor." Exhibit C of the Petition. Mr. Jordan further states in the declaration that he "did not provide any written or verbal details" about the incident to the detectives. In short, Mr. Jordan claims that his adoption of the statement drafted by detectives was coerced and not a true statement of his involvement in the incident. As such, Mr. Jordan claims that the detectives violated his rights against self-incrimination as guaranteed by the Fifth Amendment and

4

his due process rights as guaranteed by the Fourteenth Amendment.

Mr. Jordan's "claim of innocence is thus 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" Schlup v. Delo, 513 U.S. 298, 315 (1995), quoting Herrera, 506 U.S. at 404. By alleging the detectives coerced him into adopting a false confession, Mr. Jordan has set forth a claim of "an independent constitutional violation."

(Id. at 2–3.) After explaining that Jordan's substantive claim was not actual innocence but coerced confession, the remainder of the memorandum argued that Jordan's confession actually had been coerced. (Id. at 3–8.)

Sometime later, the district court issued an order instructing the parties to brief the question whether "there is a federal and/or state claim of substantive actual innocence available to Petitioner in either this Court or in the state courts." (Order, Jan. 13, 2005.) The brief that Jordan's counsel filed in response stated that Jordan no longer had available to him in state court a substantive claim of actual innocence, because when he had attempted to file that claim the state courts had held it was barred as untimely, successive, and not based on newly discovered evidence. (Pet'r Jordan's Br. in Resp. to Ct. Order of Jan. 13, 2005 at 2–5, Feb. 2, 2005.)

On the question of whether Jordan could obtain relief in federal court on a

5

substantive claim of actual innocence, his brief was ambivalent. (Id. at 5–7.) It conceded on one hand that language in the majority opinion in Herrera v. Collins, 506 U.S. 390, 113 S. Ct. 853 (1993), "appears to bar habeas claims based solely on free-standing assertions of actual innocence," but asserted on the other that "the concurring opinion of Justices O'Connor and Kennedy makes clear that a majority of justices agree that habeas relief would be warranted upon a truly persuasive showing of actual innocence, at least in a capital case." (Id. at 5.) The brief noted that other courts were divided on the issue, (id. at 5–6), and suggested that this Court's action in granting Jordan permission to file a successive petition "would seem to indicate" that it "believes that his claim is adequate to deserve encouragement to proceed further," (id. at 7). The brief argued that the district court should, in any event, also construe Jordan's actual innocence claim as a Schlup v. Delo, 513 U.S. 298, 325, 115 S. Ct. 851, 866 (1995), gateway claim of innocence and that doing so would permit Jordan to litigate his otherwise procedurally defaulted coerced confession claim. (Id. at 7.)

The district court dismissed with prejudice Jordan's petition for a writ of habeas corpus. In doing so, it pointed out that although Jordan had attacked the admissibility of his confession on at least four occasions in state court, and had even testified in a pretrial hearing in an attempt to have the confession suppressed,

he never suggested to the state courts that the detectives had threatened to prosecute his mother. (Order 14–16, July 22, 2005.) Jordan had failed to raise this specific claim in state court even though he obviously knew all along whatever it was that the detectives had said to him. For that reason, the district court held that this coerced confession claim was procedurally barred. (Id. at 15–16.)

The district court held that the claim was also barred by the second or successive petition rules contained in § 2244(b)(2), because Jordan had known at the time he filed his first § 2254 petition everything the detectives had said to him before he confessed. That fact prevented him from fitting any claim based on those allegations into the § 2244(b)(2)(B)(i) exception. (Id. at 24–25.)

To the extent that Jordan was pursuing an actual innocence claim in his second § 2254 petition, the district court ruled that claim was barred because Jordan could have discovered through the exercise of due diligence the two allegedly new witnesses before he filed the first petition. (Id. at 20–24.)

After the district court dismissed Jordan's second or successive § 2254 petition with prejudice, he applied for a COA to permit him to appeal, see § 2253(c). The district court denied the application, (Order, Sept. 12, 2005), but a judge of this Court granted a COA, specifying however, that it was granted "on the following issues only":

7

1.  Whether a petitioner can bring a new claim in his second or successive 28 U.S.C. § 2254 habeas petition when that claim was not before us in our order granting him leave to file a successive § 2254 petition?

2.  Assuming that a petitioner can bring a new claim in his successive § 2254 petition that was not raised in his application for a second or successive § 2254, whether the new claim must also meet the newly discovered evidence requirements in § 2244(b)?

3.  Assuming that a petitioner can raise a new claim in his second or successive 28 U.S.C. § 2254 habeas petition that was not raised in his application for a second or successive § 2254 petition, and assuming that the new claim did not have to meet the newly discovered evidence requirement set forth in 28 U.S.C. § 2244(b), did the district court err in failing to consider whether the petitioner demonstrated a fundamental miscarriage of justice in order to overcome the procedural default in his involuntary confession claim?

4.  After we granted a petitioner authorization to file a second or successive 28 U.S.C. § 2254 petition, whether a district court can revisit our grant of authority and determine that the petitioner's claim does not meet the threshold requirements for filing a second or successive § 2254 habeas petition under 28 U.S.C. § 2244(b)(2)?

5.  Assuming that the district court can revisit our grant of authority on a second or successive 28 U.S.C. § 2254 habeas petition, whether the district court properly determined that petitioner's second witness, Theodis Hagans, was not newly discovered as required to meet the requirements for filing a second or successive § 2254 habeas petition as set forth in 28 U.S.C. § 2244(b), and whether the district court should have held an evidentiary hearing to determine if Hagans was newly discovered?

(Order 1–2, Nov. 3, 2005 (Wilson, J.) (issue enumerations added)).  After setting out those five issues, the COA order stated:  "The parties are instructed to brief only the issues above."  (Id. at 2.)

The first issue stated in the COA order asks if Jordan could bring "a new claim" in the second or successive petition that he did not raise in the § 2243(b)(3)(A) application that we granted permitting him to file the petition.  That "new claim" is the coerced confession claim; the actual innocence claim is the only one Jordan raised in his application to us and the only one mentioned in our § 2244(b)(3)(C) order.

Recognizing that the COA we granted does not cover the actual innocence claim, Jordan filed a motion in this Court seeking to expand the COA to include that claim.  (Mot., Feb. 22, 2006.)  The motion, which came in three-and-a-half months after our limited COA order had issued, was treated as a motion for reconsideration.  See 11th Cir. R. 22-1(d).  Two judges of this Court entered an order denying the motion.  This is what their order said:

> Appellant has filed a motion to expand the certificate of appealability.  This motion is in fact a motion for reconsideration because this Court already has considered the question of whether the appellant could bring a freestanding claim of actual innocence and concluded that a certificate of appealability was not warranted in that regard.  Therefore, because (1) the original certificate of appealability was granted on November 3, 2005, and appellant did not file the reconsideration motion until February 22, 2006, and (2) appellant has

9

provided no good cause for the untimely filing, appellant's motion for reconsideration is DENIED as untimely. See 11th Cir. R. 27-2. Even if this motion was timely filed, it would be denied because appellant abandoned the freestanding claim of actual innocence in the district court. Appellant is also informed that this Court will not further reconsider this matter. See 11th Cir. R. 27-3.

(Order 1–2, Apr. 18, 2006 (Marcus & Wilson, JJ.)).

Our refusal to permit Jordan to raise a free standing claim of actual innocence in this appeal could not have been clearer, but it was still not clear enough to prevent counsel for Jordan from attempting to argue that claim at oral argument. As we instructed him then, we will not decide any issues involving the actual innocence claim because the law of this circuit prohibits consideration of any issue that was not specified in the COA order. Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) ("[W]e hold that in an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the Court of Appeals."); see also Harrell v. Butterworth, 251 F.3d 926, 928 n.1 (11th Cir. 2001) (declining to address an issue the COA did not cover); McIntyre v. Williams, 216 F.3d 1254, 1256 n.2 (11th Cir. 2000) (same).

For what it is worth, our precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases. Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002) (alternative holding); see generally Johnson v. DeSoto County Bd. Comm'rs, 72 F.3d 1556, 1562 (11th Cir. 1996)

10

("we are bound by alternative holdings"); <u>McLellan v. Miss. Power & Light Co.</u>, 545 F.2d 919, 925 n.21 (5th Cir. 1977) ("It has long been settled that all alternative rationales for a given result have precedential value.").

Turning now to the issues properly before us, all of which center around the coerced confession claim, we believe that the most efficient way to proceed is to assume that the answer to the first issue is "yes." For present purposes, we will take as a given that a petitioner may raise in a second or successive petition an issue in addition to the one that the court of appeals granted him permission to raise in its § 2244(b)(3)(A) order.

Assuming that is so, the second question framed by the COA is whether that additional issue must also meet "the newly discovered evidence requirements in § 2244(b)[(2)(B)(i)]." The answer to that question is easy. Section 2244(b)(2) plainly states that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless" it falls within one of two exceptions. The first exception, which is contained in § 2244(b)(2)(A), speaks to claims based on new rules of constitutional law, and Jordan's coerced confession claim is based on old rules of constitutional law. The other exception applies only where each of two requirements are met, and one of them is that "the factual predicate for the claim

11

could not have been discovered previously through the exercise of due diligence." § 2244(b)(2)(B)(i).

In cases where the petitioner is not claiming the benefit of a new rule of constitutional law, if he does not meet the newly discovered evidence requirement his claim "shall be dismissed." § 2244(b)(2). Another provision in the same section makes clear that the district court "shall dismiss any claim" that fails to satisfy the requirements of the section even if the court of appeals authorized the filing of the claim. § 2244(b)(4). The question, then, is whether Jordan has met the newly discovered evidence requirements of § 2244(b)(2)(B)(i) as to his coerced confession claim. That is essentially the fifth COA issue, but before we get to it we need to discuss the third and fourth ones.

The third COA issue comes into play only "assuming that the new claim did not have to meet the newly discovered evidence requirement set forth in 28 U.S.C. § 2244(b)." Our answer to the second question forecloses that assumption.

The fourth COA question asks whether, after we have granted an order under § 2244(b)(3)(A) authorizing a district court to consider a second or successive petition, the district court can determine if the petitioner's claim meets the § 2244(b)(2) requirements for filing such a petition. The answer is that the district court not only can, but must, determine for itself whether those

12

requirements are met. The statute instructs the court to do so. It provides that: "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." § 2244(b)(4).

Jordan recognizes the meaning of those words but would have us dilute them with a requirement that the district court give some deference to a court of appeals' prima facie finding that the requirements have been met. He argues that "the district court should not be allowed to review the same evidence as this Court and make the exact opposite factual determinations." (Appellant's Br. 29, 28–30.) But the relevant statutory provisions say nothing about deference, and in issuing a § 2244(b)(3)(A) order authorizing the filing of a second or successive petition in the district court, we do not make any factual determinations. We make only a prima facie decision for § 2244(b)(3)(A) purposes.

When we make that prima facie decision we do so based only on the petitioner's submission. We do not hear from the government. We usually do not have access to the whole record. And we often do not have the time necessary to decide anything beyond the prima facie question because we must comply with the statutory deadline. See § 2244(b)(3)(D) (requiring a decision within 30 days after the motion is filed). Even if we had submissions from both sides, had the whole

13

record before us, and had time to examine it and reach a considered decision on whether the new claim actually can be squeezed within the narrow exceptions of § 2244(b)(2), the statute does not allow us to make that decision at the permission to proceed stage. It restricts us to deciding whether the petitioner has made out a prima facie case of compliance with the § 2244(b) requirements.

Things are different in the district court. That court has the benefit of submissions from both sides, has access to the record, has an opportunity to inquire into the evidence, and usually has time to make and explain a decision about whether the petitioner's claim truly does meet the § 2244(b) requirements. The statute puts on the district court the duty to make the initial decision about whether the petitioner meets the § 2244(b) requirements—not whether he has made out a prima facie case for meeting them, but whether he actually meets them.

Given these circumstances, it would make no sense for the district court to treat our prima facie decision as something more than it is or to mine our order for factual ore to be assayed. The district court is to decide the § 2244(b)(1) & (2) issues fresh, or in the legal vernacular, de novo. See In re Johnson, 322 F.3d 881, 883 (5th Cir. 2003) (court of appeals' grant of permission to file a second or successive petition is only tentative and the district court must dismiss the petition if it finds that the statutory requirements for filing one have not been met); Bennett

v. United States, 119 F.3d 468, 469–70 (7th Cir. 1997) (recognizing that the court of appeals' determination of a prima facie case means "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court" and it gets the petitioner through one of the two gates he must pass through before the merits of his petition may be considered). Our first hard look at whether the § 2244(b) requirements actually have been met will come, if at all, on appeal from the district court's decision, and we are taking that hard look now.

We can now resolve the fifth issue stated in the COA order, which asks whether the expected testimony of Jordan's second witness, Theodis Hagans, was newly discovered for purposes of meeting the requirements of § 2244(b)(2)(B)(i), and whether the district court should have held an evidentiary hearing to decide if was. The answer to both questions is that it does not matter whether Hagans' testimony was newly discovered and for that reason no evidentiary hearing was necessary. It does not matter whether Hagans' testimony was newly discovered because even if it were, the testimony is not part of "the factual predicate for the claim" as § 2244(b)(2)(B)(i) also requires.

Hagans is one of the two witnesses Jordan proffered to prove that he was actually innocent; Hagans was willing to testify that he saw someone other than Jordan commit the crime. Actual innocence, however, is not an element of a

15

coerced confession claim. A defendant's Fifth and Fourteenth Amendment right not to be forced to confess or forced "to be a witness against himself," U.S. Const. Amend. V, is not a prerogative of the innocent. It is a privilege available even to the guiltiest of the guilty. To put it in § 2244(b)(2)(B)(i) terms, innocence is not part of "the factual predicate for the claim" of coerced confession.

The factual predicate for the claim consists of the facts describing the coercion that produced the confession. Those facts—if Jordan's allegations be true—are that the detectives threatened to prosecute his mother if he did not confess. What matters under § 2244(b)(2)(B)(i) is whether Jordan, with the exercise of due diligence, could have discovered those facts at the time he filed his first federal habeas petition. He not only could have discovered those facts, he actually did know them. Because he knew all along what the detectives had said to him, Jordan's confession claim is not based on new evidence at all.

Jordan does not really argue that he meets the requirements of § 2244(b)(2)(B)(i). Instead, he argues that he does not have to meet them because his attempt to file a second or successive petition ought to be judged by the standard set out in Schlup, 513 U.S. at 325, 115 S. Ct. at 866, which is more lenient than the one the statute imposes, Cooper v. Woodford, 358 F.3d 1117, 1119 (9th Cir. 2004) (en banc) ("The AEDPA requirements for a second or successive

16

application are stricter than the Schlup standard in two ways.").  The Schlup decision provided the standard for filing a second or successive petition, at least in capital cases, before the Antiterrorism and Effective Death Penalty Act took effect. That Act, including the provisions now found in § 2244(b), became effective in April of 1996, which was seven years before Jordan sought permission in October of 2003 to file his second or successive petition.  We have neither the power nor the inclination to turn back the clock and pretend that the AEDPA was not enacted. See Felker v. Turpin, 518 U.S. 651, 664, 116 S. Ct. 2333, 2340 (1996) (the added restrictions which AEDPA places on second and successive petitions fall well within Congress' authority).  It was enacted, and its provisions govern second or successive petitions.

Because Jordan's coerced confession claim is not based on a factual predicate which could not have been discovered previously through the exercise of due diligence, as required by § 2244(b)(2)(B)(i), the district court properly dismissed it, as it was obligated to do by § 2244(b)(4).

**AFFIRMED.**