[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14914
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cv-01576-JDW-TGW

RAMON LAWRENCE PARKER,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 20, 2014)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ramon Parker, a state prisoner, appeals *pro se* the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. After his convictions for three counts of lewd and lascivious acts on a child and one count of sexual battery on a victim who was less than 12 years old, Parker sought postconviction relief on the ground that his trial counsel was ineffective for failing to respond adequately to a motion in limine to exclude evidence that his victims had recanted other allegations of abuse. *See* Fla. R. Crim. P. 3.850. The Florida courts concluded that trial counsel performed deficiently, but Parker was not prejudiced by the deficient performance. Because the Florida courts reasonably applied clearly established federal law, we affirm the denial of Parker's petition.

## I. BACKGROUND

When he collaterally attacked his convictions in state court, Parker argued that, had his counsel responded effectively to the motion in limine, he could have challenged the victims' credibility with evidence that they had previously recanted other accusations of abuse. Parker argued that he was convicted solely on the testimony of the three victims and the exclusion of evidence regarding their credibility was prejudicial.

A Florida court denied Parker's motion, but the Second District Court of Appeals reversed and remanded for further proceedings. The appellate court ruled that trial counsel performed deficiently because she was not familiar with *Jaggers*

2

*v. State*, 536 So. 2d 321 (Fla. Dist. Ct. App. 1998), which held that a defendant accused of sexual abuse could impeach minor victims with evidence that they had recanted other allegations of sexual abuse. *Id.* at 326–27. The appellate court remanded for an evidentiary hearing to determine whether Parker was prejudiced by his counsel's deficient performance.

On remand, the Florida court denied Parker's motion summarily on the ground that his proffered impeachment evidence was inadmissible hearsay, but the appellate court reversed and remanded. The Second District Court of Appeals concluded that the lower court could not ascertain the character of the evidence without hearing any testimony from Parker's witnesses. The appellate court remanded with instructions for Parker to "present admissible evidence—if he can—that had trial counsel effectively defended the State's motion in limine, he would have been able to properly impeach two of the victims with evidence that they had previously made and recanted similar accusations."

During the evidentiary hearing, members of Parker's family testified about prior accusations allegedly made by M.B. against Don Sports. Parker's stepdaughter, Helen Penniker Smith, testified that M.B., her stepdaughter, said that she was "touched" by Don, Smith's former stepfather; M.B. did not identify where she had been touched but said that it made her uncomfortable; and M.B. repeated her accusation to Don and Smith's mother and then recanted. Smith acknowledged

that she never mentioned the incident involving Don during previous hearings in Parker's case and that she believed the incident could have happened. Parker's wife, Jimmie, who formerly had been married to Don, testified that Don moved out of their house for a few months after being accused by M.B., even though M.B. had recanted the accusation. But Don testified that M.B. did not recant in Jimmie's presence. According to Don, M.B. apologized to him later and said she made up the story because she was mad at him.

Smith also testified that M.B. had accused Parker of instructing her to run around the house naked. Smith opined that Parker's remark had been "blown out of proportion," but Smith acknowledged that M.B. had never recanted the accusation. But Jimmie testified that M.B. had recanted. Jimmie explained that Parker made the remark because M.B. needed a bath and did not have any clean clothes to wear.

Jimmie testified that another one of her husband's victims, B.S., had falsely accused her father, Lester Smith, of molestation. B.S. told her mother and Jimmie that Smith "messed with her." B.S.'s mother confronted Smith, but she did not inform the authorities because she needed Smith's assistance to pay for Christmas presents. Smith admitted to Jimmie, his adoptive mother, "that he did it thinking it was [his wife] in the bed with him," but Jimmie also did not report the abuse to the authorities.

4

The Florida court denied Parker's motion a third time on the grounds that the evidence was inadmissible and, alternatively, the evidence would not have changed the outcome of Parker's trial. Parker could not use the evidence to impeach the victims under *Jaggers*, the Florida court determined, because the testimony that established M.B.'s accusation against Don was biased, "unreliable[,] and overly vague," which destroyed its "probative value" and its "impeachment value"; M.S.'s accusation against Parker did not involve sexual abuse; and B.S.'s accusation against her father was not false. In the alternative, the Florida court ruled that the evidence would not have affected the outcome of Parker's case. The Florida court determined that "some of the testimony further substantiate[d] that the allegations of [M.B. and B.S.] were in fact true"; the "very vague and imprecise" testimony about Don touching M.B. would not have "materially undermined" M.B.'s credibility; the evidence that Parker told M.B. to run around naked "would not have impeached [M.B.'s] credibility (because it turned out to be true), nor would it have materially harmed [Parker's] case (because it was essentially an innocent, non-abusive event that was somehow blown out of proportion . . .)"; and the testimony that Smith abused B.S. without repercussion from his family "greatly *bolster[ed]* [her] credibility."

Parker filed a petition for a writ of habeas corpus, which the district court denied.  The district court ruled that Parker could not prove he was prejudiced by

5

counsel's allegedly deficient performance because the victims' earlier accusations were not admissible under Florida law and that the exclusion of the evidence did not violate Parker's rights under the Confrontation Clause, U.S. Const. Amend. VI. The district court issued a certificate of appealability to determine "whether trial counsel's deficient opposition to the State's motion in limine [sic] requesting the exclusion of any evidence regarding previous allegations of abuse made by the victims prejudiced Petitioner."

## II. STANDARDS OF REVIEW

We review *de novo* the denial of a petition for a writ of habeas corpus. *Mason v. Allen*, 605 F.3d 1114, 1118 (11th Cir. 2010). Our review is circumscribed by the Antiterrorism and Effective Death Penalty Act, which "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773, 130 S. Ct. 1855, 1862 (2010) (internal quotation marks and citations omitted). Under the Act, a petitioner is entitled to a writ of habeas corpus only if the state court reached a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). We presume that the findings of fact by the state court are correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. DISCUSSION

For Parker to prevail on his claim of ineffective assistance of counsel, he must prove that his counsel's performance was deficient and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). It is not enough for Parker to prove that counsel's alleged errors had some conceivable effect on the outcome of the trial; Parker must prove that the allegedly deficient performance "actually had an adverse effect on the defense." *Id.* at 693, 104 S. Ct. at 2067. In other words, Parker cannot obtain a federal habeas relief unless "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S. Ct. at 2064.

The district court correctly denied Parker habeas relief. The Florida courts concluded that the proffered impeachment evidence did not satisfy the standard for admissibility delineated in *Jaggers*, and we defer to that conclusion. *See Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) ("It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." (quoting *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005))). And the Florida courts reasonably concluded that Parker failed to prove that, even if the proffered impeachment evidence had been admitted into evidence, the jury "would [not] have had a

7

reasonable doubt respecting [his] guilt." *Strickland*, 466 U.S. at 695, 104 S. Ct. at 2068–69. The Florida courts found that Parker's proffered impeachment evidence as a whole tended to strengthen two of his victims' credibility, and Parker did not offer any evidence to impeach the credibility of his third victim. The Florida courts reasonably concluded that Parker was not prejudiced by his counsel's allegedly deficient performance.

Parker argues that his counsel's deficient performance denied him the opportunity to confront the victims, but we cannot review that claim. Appellate review is limited to the issues delineated in the certificate of appealability. *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007). Because Parker's argument is outside the scope of the certificate, we dismiss it.

## IV. CONCLUSION

We **AFFIRM** the denial of Parker's petition for a writ of habeas corpus.