[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17550
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-24010-UU


ANTHONY THOMAS,

                                                Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                Respondents - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 19, 2018)


Before MARTIN, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Anthony Thomas, a Florida prisoner proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2254 petition as an unauthorized second or successive petition. No reversible error has been shown; we affirm the dismissal.

We review de novo whether a section 2254 habeas petition is second or successive. Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1325 (11th Cir. 2017) (en banc). We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Before a prisoner may file a second or successive habeas petition, he first must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such an order, the district court lacks jurisdiction to consider a second or successive habeas petition. Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009).

Thomas was convicted in 1990 of armed robbery, kidnapping, burglary, robbery, aggravated assault, and possession of a firearm. In 2010, Thomas filed a petition for habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Thomas challenged his 1990 convictions and his resulting 40-year habitual offender sentence. Thomas also challenged his 1984 robbery conviction. The district court docketed Thomas's petition under two separate case numbers: (1) one involving

2

Thomas's challenge to his 1990 convictions (Case No. 1:10-cv-23862-CMA) ("2010 Petition I") and (2) one involving his challenge to the 1984 conviction (Case No. 1:10-cv-23741-AJ) ("2010 Petition II").

The district court dismissed Thomas's 2010 Petition I as untimely filed.[1] Thomas sought to appeal the dismissal, and this Court denied Thomas a certificate of appealability. The dismissal of Thomas's 2010 Petition I as time-barred constituted an adjudication on the merits for purposes of triggering the second or successive authorization process. See Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007).

In 2016, Thomas filed the section 2254 petition at issue in this appeal. Because Thomas now seeks to challenge the same 1990 convictions and sentence already challenged in his 2010 Petition I, his 2016 habeas petition is second or successive. See Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) ("[C]ourts must look to the judgment challenged to determine whether a petition is second or successive." (emphasis in original)).

Because Thomas's 2016 petition constitutes a "second or successive" habeas petition -- and because Thomas failed to obtain leave from this Court to file such a

---

[1] Thomas's 2010 Petition II, meanwhile, was dismissed without prejudice for lack of jurisdiction.

petition[2] -- the district court dismissed properly Thomas's petition for lack of subject matter jurisdiction.  See Tompkins, 557 F.3d at 1259.

AFFIRMED.

---

[2] We note that, in 2014, Thomas filed an application with this Court for leave to file a second or successive habeas petition.  This Court denied Thomas's application as unnecessary, based on a determination that Thomas's earlier-filed habeas petition was dismissed without prejudice (referencing presumably Thomas's 2010 Petition II).  Because the record before us in this appeal now evidences that Thomas has already filed a habeas petition that was adjudicated on the merits, he must first obtain this Court's authorization before filing a second or successive habeas petition.