[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13207
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00047-TJC-PDB

QINARD LAMAR COLLINS,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 22, 2020)

Before JORDAN, NEWSOM, and LUCK, Circuit Judges.

Qinard Lamar Collins appeals the district court's denial of his 28 U.S.C. § 2254 petition.  We (through a single judge) granted a certificate of appealability on three inter-related issues.  First, whether Collins has made a sufficient showing of actual innocence to overcome any procedural bar to his § 2254 petition.  Second, whether a freestanding claim of actual innocence is cognizable in a § 2254 proceeding.  And third, whether Collins is entitled to relief on his claim of actual innocence or, alternatively, a remand to the district court for an evidentiary hearing.  Because Collins only alleged a freestanding actual innocence claim, and because we've held that such a claim is not cognizable in a non-capital § 2254 petition, we answer "no" to the dispositive second question (relieving us of having to answer the other questions in the certificate of appealability) and affirm the denial of Collins's § 2254 petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In June 2000, Collins's son was born prematurely.  So prematurely, in fact, that the newborn had to spend the first (and only) ten months of his life under intensive care and home supervision.  Ten months later, Collins called emergency medical services to his home to report that he had found his son between the mattress and the crib gasping for air.  Neither Collins nor the later-arrived paramedics could successfully resuscitate the child.  The infant was immediately transported to the hospital but was pronounced dead shortly after.  The autopsy report revealed

2

multiple bruises and hemorrhages and concluded that the cause of death was "abusive head injury" with a contributory cause of "battered child syndrome." The infant's mother, Collins's then girlfriend, told authorities that Collins had abused the infant, which included blows to the infant's head. As a result, Collins was charged with aggravated child abuse and first-degree murder. The state alleged that the cause of death was "shaken baby syndrome." Seeking a lesser sentence, and to avoid the death penalty, Collins pleaded no-contest to second-degree murder and was sentenced to thirty years' imprisonment.

After multiple failed attempts at relief in state court, Collins filed this § 2254 petition in the Middle District of Florida. Acknowledging that the statute of limitations for asserting § 2254 relief had lapsed, Collins maintained that his actual innocence excused the lapse. He alleged that he was actually innocent of the crimes because new evidence, research, and studies conducted since his conviction demonstrated that shaken baby syndrome is no longer a valid medical theory. To back his claim, Collins submitted detailed reports from four medical experts who examined the victim and found that he died from natural causes, not abuse.

The district court denied Collins's claim for relief. The district court agreed with Collins that "actual innocence, if proved, serves as a gateway through which a petitioner may pass [notwithstanding the] expiration of the state of limitations." DE 21 at 3 (quoting McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)). Once the

3

petitioner gets through the actual innocence gateway, and overcomes the time bar, he then must allege a viable independent constitutional violation that occurred in the underlying state criminal proceeding. But as Collins conceded, he only alleged a freestanding actual innocence claim and did not allege that actual innocence was a gateway to an independent constitutional violation. Following our court's precedent, the district court concluded that Collins's freestanding actual innocence claim was not cognizable and denied his petition.

## DISCUSSION

Collins contends that the district court erroneously denied his habeas petition. We review de novo the denial of a petition for a writ of habeas corpus. Raulerson v. Warden, 928 F.3d 987, 995 (11th Cir. 2019).

A state prisoner may pursue habeas relief in federal court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As he did before the district court, Collins argues that his sole claim—a freestanding actual innocence claim—is cognizable in a non-capital § 2254 petition (and enough to overcome the one-year statute of limitations). Collins concedes that the district court was bound by our precedent holding that a freestanding actual innocence claim in a non-capital § 2254 petition is not cognizable. So are we. "[O]ur precedent forecloses habeas relief based on a prisoner's assertion that he is actually innocent of the crime of conviction 'absent an

4

independent constitutional violation occurring in the underlying state criminal proceeding.'" Raulerson, 928 F.3d at 1004 (quoting Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002)); see also Cunningham v. Dist. Attorney's Office for Escambia Cty., 592 F.3d 1237, 1272 (11th Cir. 2010) ("[T]his Court's own precedent does not allow habeas relief on a freestanding innocence claim in non-capital cases."); Jordan v. Sec'y, Dep't of Corrs., 485 F.3d 1351, 1356 (11th Cir. 2007) ("[O]ur precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases."). Because Collins did not allege an independent constitutional claim, his freestanding actual innocence claim is not cognizable and the district court properly denied it. And because this resolves the case, we should not, and do not, address the two other questions in the certificate of appealability.

**AFFIRMED.**