[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11044

Non-Argument Calendar

_____

LARRY JEROME WILLIAMS,

Petitioner-Appellant,

*versus*

STATE OF FLORIDA JACKSON COUNTY,

Respondent,

STATE OF FLORIDA,

Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:24-cv-00013-TKW-MJF

————————————

Before JORDAN, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Larry Jerome Williams, *pro se*, appeals the dismissal without prejudice of his amended 28 U.S.C. § 2254 petition challenging his state court conviction and sentence. The district court determined Williams' § 2254 petition was an unauthorized second or successive petition.

We review *de novo* whether a habeas corpus petition is second or successive. *Ponton v. Sec'y, Fla. Dep't of Corr.*, 891 F.3d 950, 952 (11th Cir. 2018). A second or successive 28 U.S.C. § 2254 petition requires prior authorization from this Court in order to be filed in district court. 28 U.S.C. § 2244(b)(3)(A). The district court lacks jurisdiction to consider an unauthorized second or successive petition. *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

When a petitioner seeks to challenge the same judgment that was challenged in the first § 2254 petition, the petition will be deemed second or successive. *See Magwood v. Patterson*, 561 U.S. 320, 323-24 (2010). Petitions dismissed as time-barred are considered to have been dismissed with prejudice, and subsequent petitions qualify as second or successive. *See Jordan v. Sec'y, Dep't of*

*Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007). We have recognized "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) (quoting *Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007)). Petitions that are not considered successive present new claims that could not have been raised previously, because the basis of the claim had not existed. *Id.* at 859, 863.

The district court did not err in dismissing Williams' petition as an unauthorized successive petition. Williams' first § 2254 petition challenged the same judgment and was dismissed as time-barred, so subsequent petitions would be second or successive within the meaning of § 2244 and require our prior authorization. *See* 28 U.S.C. § 2244(b)(3)(A); *Magwood*, 561 U.S. at 323-24; *Jordan*, 485 F.3d at 1353. Williams' present amended petition did not raise a new claim, the basis for which did not previously exist, and Williams did not receive authorization to file the instant petition. *See Stewart*, 646 F.3d at 859, 863. Thus, the district court did not err in dismissing Williams' amended § 2254 petition for lack of jurisdiction. *See Williams*, 510 F.3d at 1295.

**AFFIRMED.**