**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-11704

————————————————

In re: MICHAEL BOWE,

*Petitioner.*

————————————————

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

————————————————

Before GRANT, ED CARNES, and WILSON, Circuit Judges.

ED CARNES, Circuit Judge:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Michael Bowe has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, *see* 28 U.S.C. § 2255. That authorization may be granted only if this Court certifies that his motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* § 2255(h). Bowe must make a prima facie showing that his claim meets those requirements. *See id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357–58 (11th Cir. 2007). Even if he does, this Court's determination that an applicant has made a prima facie showing that the statutory criteria have been met is only a threshold determination, and the district court determines whether the criteria have *actually* been met. *Jordan*, 485 F.3d at 1357–58.

### A.    Procedural History

We briefly recap the factual background. In 2008, a federal grand jury charged Bowe with conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a) (Count One), attempt to commit Hobbs Act robbery, 18 U.S.C. §§ 1951(a) and 2 (Count Two), and the use, brandishing, or discharge of a firearm during and in relation to a crime of violence, "that is, a violation of Title 18, [U.S.C. § ] 1951(a) as set forth respectively in Counts One and Two," 18 U.S.C. § 924(c)(1)(A) (Count Three). Bowe entered a written plea agreement. During his plea colloquy Bowe admitted under oath that, during the attempted Hobbs Act robbery, he had used an assault rifle to shoot an armed security guard who was

servicing the automated teller machine at a bank.  That was the factual basis for Count Three.

Based on his guilty plea, Bowe was adjudicated guilty.  In 2009, he was sentenced to a total term of 288 months imprisonment, which included a mandatory 120-month consecutive sentence for Count Three.  *See id*. § 924(c)(1)(A) (providing for a ten-year consecutive mandatory minimum sentence when the defendant discharged a firearm "during and in relation to any crime of violence").  He did not appeal.

In 2016, Bowe filed an initial § 2255 motion.  In it, he claimed that his § 924(c) conviction was no longer valid in light of *Johnson v. United States*, 576 U.S. 591 (2015), which held that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague.  576 U.S. at 597.  Addressing that claim, the district court determined that binding precedent classified attempted Hobbs Act robbery as a crime of violence under § 924(c)(3)(A), and it denied the motion.  Bowe sought to appeal that decision, but he was denied a certificate of appealability because our precedent foreclosed his claim; at that time, attempted Hobbs Act robbery was classified as a crime of violence.  Bowe unsuccessfully sought certiorari review.  *Bowe v. United States*, 584 U.S. 945 (2018).

In 2019, Bowe filed an application seeking leave to file a second or successive § 2255 motion.  He based his claim on the Supreme Court's then-recent decision in *United States v. Davis*, 588 U.S. 445, 470 (2019), which held that the § 924(c)(3)(B) residual

4                    Order of the Court                    24-11704

clause was unconstitutionally vague. But Bowe could not "make a prima facie showing that his § 924(c) conviction and sentence [we]re unconstitutional under *Davis*" because our precedent at the time held that attempted Hobbs Act robbery qualified as a crime of violence under § 924(c)'s elements clause.  As a result, his application was denied.

In 2022, Bowe filed another successive application.  He contended that in *United States v. Taylor*, 596 U.S. 845 (2022), the Supreme Court had announced a new rule of constitutional law when it held that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A).  *See* 596 U.S. at 849–50, 860. Based on *Taylor*, Bowe argued that his conviction for attempted Hobbs Act robbery no longer qualified as a crime of violence under § 924(c).

But we concluded that, to the extent that Bowe's second application was based on the *Davis* claim he had already asserted in his earlier successive application, we lacked jurisdiction to consider it.  That conclusion was compelled by our existing precedent, *In re Baptiste*, 828 F.3d 1337, 1339–41 (11th Cir. 2016), which held that § 2244(b)(1)'s same-claim bar applies to claims presented by federal prisoners in second or successive motions to vacate under § 2255.

As an alternative holding, we concluded that *Taylor* did not announce a new rule of constitutional law under § 2255(h)(2).  Instead, we reasoned that *Taylor* "interpreted, as a matter of statutory analysis, the meaning of the term 'crime of violence' in § 924(c), and more specifically, the proper application of the 'elements

24-11704                Order of the Court                5

clause' in § 924(c)(3)(A)" to the crime of attempted Hobbs Act robbery. We explained that standard statutory interpretation is not the same as the Supreme Court's announcement of a new rule of constitutional law. We denied Bowe's application in part (because *Taylor* didn't announce a new rule of constitutional law) and dismissed it in part (because *Baptiste* barred Bowe from re-raising the previously raised *Davis* claim).

Later that year Bowe, represented by counsel, filed a third successive application, again based on *Davis* and *Taylor*. We dismissed that application based on our *Baptiste* decision, which barred Bowe from bringing any claim based on *Davis* or *Taylor* because those claims had already been asserted in his earlier successive applications. Bowe also sought an initial hearing en banc. He asked the full Court to overrule *Baptiste*, arguing that its reasoning was contrary to the plain text of § 2244(b)(1), which does not mention § 2255. His request for initial hearing en banc was denied.

In 2023, Bowe filed an original petition for writ of habeas corpus in the Supreme Court under 28 U.S.C. § 2241(a). *See In re Bowe*, 144 S. Ct. 1170 (2024) (statement of Sotomayor, J., joined by Jackson, J., respecting the denial of the original petition for a writ of habeas corpus). The Supreme Court denied his petition in February 2024. *Id.* at 1170.

In May 2024, Bowe filed yet another counseled successive application. In it, he argued that he is actually innocent of Count Three (discharging a firearm during a crime of violence) in light of the Supreme Court's decision in *Davis* and that neither Count One

(conspiracy to commit Hobbs Act robbery) nor Count Two (attempted Hobbs Act robbery) qualifies as a "crime of violence" under § 924(c).  In June 2024, we dismissed that application because Bowe had already raised those issues in his earlier successive applications and *Baptiste* held that we lacked jurisdiction to consider those re-raised claims.  Bowe asked us to certify a question to the Supreme Court, but we declined to do that, noting that the procedure had been used only four times in the past seventy-eight years.  He asked the full Court for an initial en banc hearing to overturn *Baptiste*, but that request was denied.

Bowe then petitioned the Supreme Court for a writ of certiorari, which the Court granted.  *Bowe v. United States*, 145 S. Ct. 1122 (2025).  It held that § 2244(b)(1)'s "old-claim bar" does not apply to federal prisoners.  *Bowe v. United States*, No. 24-5438, manuscript op. at 19–25 (U.S. Jan. 9, 2026).  That holding abrogated our *Baptiste* decision.

The Supreme Court directed us on remand "to determine in the first instance whether Bowe should receive authorization to file a second or successive motion under the correct standard." *Id.* at 25.  Our earlier order dismissing Bowe's application was vacated. *Id.*

### B.     The Pending Application on Remand

We now reconsider on remand Bowe's May 2024 application, which asserts that under *Davis* he is actually innocent of Count Three (discharging a firearm during a crime of violence) and that neither Count One (conspiracy to commit Hobbs Act robbery)

nor Count Two (attempted Hobbs Act robbery) qualifies as a "crime of violence" under § 924(c) based on the law as it currently stands.

Bowe points out that the Supreme Court's *Davis* decision held that the residual clause definition of a "crime of violence" in § 924(c)(3)(B) is unconstitutionally vague. And then our *In re Hammoud* decision held that *Davis* announced a new rule of constitutional law made retroactive by the Supreme Court that satisfies § 2255(h)(2). 931 F.3d at 1039. He also points to our decision in *Brown v. United States*, 942 F.3d 1069, 1075–76 (11th Cir. 2019), holding that conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under the elements clause of § 924(c)(3)(A). And he relies on the Supreme Court's holding in *Taylor* that attempted Hobbs Act robbery does not satisfy the elements clause of § 924(c)(3)(A). From all of that he contends that his § 924(c) conviction is invalid because it is not predicated on a "crime of violence."

### C.      *The Demise of* Baptiste's *Interpretation of § 2244(b)(1)*

Under 28 U.S.C. § 2244(b)(1), we are required to dismiss "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application." 28 U.S.C. § 2244(b)(1). In *Baptiste*, we concluded that § 2244(b)(1) applies to federal prisoners seeking to file a second or successive application under § 2255. 828 F.3d at 1339–40. The *Baptiste* decision reasoned that "[a]lthough § 2244(b)(1) explicitly applies to petitions filed under § 2254, which applies to state prisoners, it would be odd

indeed if Congress had intended to allow federal prisoners to refile precisely the same non-meritorious motions over and over again while denying that right to state prisoners." *Id.* at 1339. As it turns out, the Supreme Court did not think it odd, or did not think that oddness alone controls statutory interpretation

The *Baptiste* interpretation of § 2244(b)(1) is no more. Addressing a circuit split about the applicability of § 2244(b)(1)'s same-claim bar to federal prisoners, the Supreme Court abrogated our *Baptiste* decision. *Bowe*, No. 24-5438, manuscript op. at 5. The Court held as a matter of statutory interpretation that § 2244(b)(1) does not apply to federal prisoners. It determined that § 2255(h)'s cross-reference to § 2244 incorporates the procedures for a panel's certification of a second or successive application, but § 2255(h) "does not incorporate the content requirements contained in § 2244, like § 2244(b)(1)'s old-claim bar." [1] *Id.* at 19–21. Instead, the Court clarified that a federal prisoner seeking approval to file a second or successive application can bring previously asserted claims but still must meet one of the two requirements set out in § 2255(h). *Id.* at 22–23.

---

[1] That is not to say that federal prisoners who file duplicative § 2255(h) requests will necessarily receive the authorization they seek. In many cases, the law of the case doctrine may bar reconsideration of a request that is substantively identical to one we have already denied. *See Baptiste*, 828 F.3d at 1340–41. As the Supreme Court recognized in *Bowe*, "AEDPA may not have displaced other practices that courts can still use to address repetitive filings made by federal prisoners in the absence of § 2244(b)(1)." *Bowe*, No. 24-5438, manuscript op. at 25 n.10.

That means, to pass through the narrow gate of § 2255(h), the application must either identify "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or it must rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.*; 28 U.S.C. § 2255(h)(1)–(2).

### D.    Bowe's Contentions

Bowe does not rely on newly discovered evidence, which is necessary for a claim under 28 U.S.C. § 2255(h)(1). Instead, he contends that he can meet the strict requirements of § 2255(h)(2) by showing that he is actually innocent of his § 924(c)(1)(A) conviction for discharging a firearm *during a crime of violence*. He admits that he discharged a firearm and shot a person during an attempted Hobbs Act robbery that he conspired to commit. But he argues that Count 3 (his § 924(c)(1)(A) offense) was predicated on Count 1 (conspiracy to commit Hobbs Act robbery) and Count 2 (attempt to commit Hobbs Act robbery), and neither of those offenses qualifies as a "crime of violence" as the law now defines that term. That matters to him because of the mandatory 120-month consecutive sentence attached to Count Three. *See* 18 U.S.C. § 924(c)(1)(A).

He first argues that neither of his underlying offenses can be classified as a crime of violence under § 924(c)(3)(B)'s residual clause. He points to the Supreme Court's *Davis* decision which

struck down the residual clause as unconstitutionally vague. 588 U.S. at 448–51, 470.[2]   And he relies on our *Hammoud* decision, which held that *Davis* announced a new rule of constitutional law under § 2255(h)(2).  931 F.3d at 1036–39.

He also argues that neither of his underlying offenses can be classified as a crime of violence under § 924(c)(3)(A)'s elements clause.  He points to the Supreme Court's *Taylor* decision, which held that attempted Hobbs Act robbery does not qualify as a predicate crime of violence under § 924(c)(3)(A)'s elements clause.  That clause "covers offenses that have as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Taylor*, 596 U.S. at 848 (alteration adopted).  To win a conviction for attempted Hobbs Act robbery, "the government must show an intention to take property by force or threat, along with a substantial step toward achieving that object," but it does not have "to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property" as required by § 924(c).  *Id.* at 851.

Bowe's § 924(c) conviction might remain on a solid foundation if his other predicate offense, conspiracy to commit Hobbs Act robbery (Count 1), were classified as a crime of violence. But this Court has held that it is not a crime of violence under

---

[2] That clause defines a crime of violence under the ACCA as a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B); *Davis*, 588 U.S. at 449.

§ 924(c)(3)(A)'s elements clause because "[n]either an agreement to commit a crime nor a defendant's knowledge of the conspiratorial goal necessitates the existence of a threat or attempt to use force." *Brown*, 942 F.3d at 1075.

Based on *Taylor* and *Brown*, Bowe contends that neither of his predicate offenses — conspiracy to commit Hobbs Act robbery (Count 1) and attempted Hobbs Act robbery (Count 2) — can now quality as a "crime of violence" that would support his § 924(c)(1)(A) conviction (Count 3) for using, brandishing, or discharging a firearm during a crime of violence

### E.     The Prima Facie Showing

Bowe has made a prima facie showing that he meets the statutory criteria in § 2255(h)(2). In *Hammoud* we held that the Supreme Court's *Davis* decision established a new rule of constitutional law that applies retroactively on collateral review within the meaning of § 2255(h)(2). *Davis*, 588 U.S. at 448–51, 469–70; *Hammoud*, 931 F.3d at 1038–39. And, under *Davis*, Bowe has made a prima facie showing that his sentence for Count Three — his § 924(c) conviction — is predicated on offenses that do not qualify as crimes of violence. After *Davis*, neither attempted Hobbs Act robbery nor conspiracy to commit Hobbs Act robbery can qualify as a crime of violence under § 924(c)(3)(B)'s invalidated residual clause. 588 U.S. at 448–51, 470. And, after *Taylor* and *Brown*, those offenses do not qualify as crimes of violence under § 924(c)(3)(A)'s elements clause.

But a prima facie showing case is not a final showing entitling an applicant to relief. A prima facie showing is only the necessary first step.  He still has to show the district court that he is entitled to the relief he seeks.  *See Jordan*, 485 F.3d at 1358.  As we have explained:

> Things are different in the district court. That court has the benefit of submissions from both sides, has access to the record, has an opportunity to inquire into the evidence, and usually has time to make and explain a decision about whether the petitioner's claim truly does meet the § 2244(b) requirements. The statute puts on the district court the duty to make the initial decision about whether the petitioner meets the § 2244(b) requirements—not whether he has made out a prima facie case for meeting them, but whether he actually meets them.

*Id.*  The district court must consider those questions "fresh, or in the legal vernacular, *de novo.*" *Id.*

Not only that, but also the timeliness of Bowe's claims is not an issue we address at this stage of the proceedings.  We've held that potential untimeliness isn't relevant to our threshold determination of whether the applicant has met the statutory criteria to obtain permission to file the successive collateral attack because the statute of limitations for habeas cases is not a jurisdictional bar. *See In re Jackson*, 826 F.3d 1343, 1347 (11th Cir. 2016). And the Supreme Court has emphasized that even if a claim meets the "strictly

24-11704                    Order of the Court                    13

limited" requirements of § 2255(h), the movant "must still conform with the demanding statute of limitations contained in § 2255(f)." *Bowe*, No. 24-5438, manuscript op. at 25. We express no view on that issue.

Because Bowe has made a prima facie showing of the existence of one of the grounds set forth in 28 U.S.C. § 2255(h), his application for leave to file a second or successive motion is hereby GRANTED.  His request that we certify a question to the Supreme Court or that there be an initial en banc hearing to overturn our now-abrogated *Baptiste* decision, is DENIED as MOOT.