BY THE COURT:
Ricardo Pinder, Jr., seeks authorization to file a second or successive 28 U.S.C. § 2255 motion. He can file such a motion only if the motion is “certified ... by a panel of the appropriate court of appeals to contain” either:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h). “The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.” Id. § 2244(b)(3)(C).
Pinder was sentenced under 18 U.S.C. § 924(c), which requires a higher prison sentence whenever a defendant uses a firearm during a' “crime of violence.” 18 U.S.C. § 924(c)(1)(A). The statute gives more than one definition of “crime of violence,” including any felony “that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.” Id § 924(c)(3)(B). Pinder claims this definition is unconstitutional in light of Johnson v. United States, 576 U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), which held that the phrase “involves conduct that presents a serious potential risk of physical injury to another” in 18 U.S.C. § 924(e) (2) (B) (ii) is unconstitutionally vague. The Supreme Court has held that the rule announced in Johnson applies retroactively on collateral review. See Welch v. United States, 578 U.S. -, 136 S.Ct. 1257, 1268, 194 L.Ed.2d 387 (2016).
Our Court hasn’t decided if Johnson applies to § 924(c)(3)(B). However, the language in § 924(c) and § 924(e) is very similar. And both § 924(c) and § 924(e) are penal statutes, meaning they both require higher sentences once a court decides that an offense is a “crime of violence.” Also, for both statutes this question is decided “ ‘categorically’ — that is, by reference to the elements of the offense, and not the actual facts of [the defendant’s] conduct.” United States v. McGuire, 706 F.3d 1333, 1336 (11th Cir. 2013) (O’Connor, J.). As the Supreme Court has explained, “[t]he vagueness of [§ 924(e)(2)(B)(ii)] rests in large part on its operation under the categorical approach.” Welch, 136 S.Ct. at 1262. This “approach required courts to assess the hypothetical risk posed by an abstract generic version of the offense.” Id. “It is one thing to apply an imprecise ‘serious potential risk’ standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction.” Johnson, 135 S.Ct. at 2558. Though § 924(c) is phrased a bit differently from § 924(e), the § 924(c) language also requires courts to decide if the offense in question “naturally involve[s] a person acting in disregard of the risk that physical force might be used against another in committing an offense.” Leocal v. Ashcroft, 543 U.S. 1, 10, 125 S.Ct. 377, 383, 160 L.Ed.2d 271 (2004).
Given the similarity between § 924(c) and § 924(e), other .Courts of Appeals have authorized successive § 2255 petitions *979 based on Johnson in § 924(c) cases. See, e.g., Freeman v. United States, No. 15-3687 (2d Cir. Jan. 26, 2016); In re Chapman, No. 16-246 (4th Cir. May 3, 2016); Ruiz v. United States, No. 16-1193 (7th Cir. Feb. 19, 2016) (rejecting the argument “that § 924(c)(3)(B) differs enough from [§ 924(e)(2)(B)(ii)]’s residual clause that it was not invalidated by Johnson”). And though the Sixth Circuit has held that § 924(c)(3)(B) is not unconstitutionally vague, see United States v. Taylor, 814 F.3d 340, 379 (6th Cir. 2016), the Seventh and Ninth Circuits have held that identically worded language in 18 U.S.C. § 16(b) is unconstitutionally vague, see United States v. Vivas-Ceja, 808 F.3d 719, 723 (7th Cir. 2015); Dimaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015).
In short, the law is unsettled on whether the rule announced in Johnson invalidates Pinder’s sentence. What’s clear however is that Pinder has made a prima facie showing that his motion “contain[s] ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.” 28 U.S.C. § 2255(h); see also In re Joshua, 224 F.3d 1281, 1282 n. 2 (11th Cir. 2000) (per curiam) (noting that “the merits of this case ... are not relevant to whether Joshua can obtain permission to bring a second or successive § 2255 motion to vacate”). Whether that new rule of constitutional law invalidates Pinder’s sentence must be decided in the first instance by the District Court.[1] Nothing in our order binds that court, which must decide every aspect of Pinder’s claim “fresh, or in the legal vernacular, de novo.” Jordan v. Sec’y, Dep’t of Corr., 485 F.3d 1351, 1358 (11th Cir. 2007). Also, whatever
determination that the district court makes about whether [Pinder] has satisfied the requirements for filing a second or successive motion, and any determination it makes on the merits, if it reaches the merits, is subject to review on appeal from a final judgment or order if an appeal is filed. Should an appeal be filed from the district court[’]s determination, nothing in this order shall bind the merits panel in that appeal.
In re Moss, 703 F.3d 1301, 1303 (11th Cir. 2013).
APPLICATION GRANTED.

. Pinder’s § 924(c) sentence appears to have been based on a conviction for conspiracy to commit Hobbs Act robbery. "To convict on a Hobbs Act conspiracy, the government must show that (1) two or more people agreed to commit a Hobbs Act robbery; (2) that the defendant knew of the conspiratorial goal; and (3) that the defendant voluntarily participated in furthering that goal.” United States v. Ransfer, 749 F.3d 914, 930 (11th Cir. 2014). This Court "has not decided that a Hobbs Act robbery categorically qualifies as a 'crime of violence' for the purposes of § 924(c)” after Johnson. United States v. Collins. No. 1:14-CR-302, 2016 WL 1639960, at *26 (N.D. Ga. Feb. 9, 2016), report and recommendation adopted, No. L14-CR-302, 2016 WL 1623910 (N.D. Ga. Apr. 25, 2016). We also haven’t decided this question for conspiracy to commit Hobbs Act robbery. At least two district courts have held that conspiracy to commit Hobbs Act robbery is not a "crime of violence” after Johnson. See United States v. Luong, No. 2:99-00433, 2016 WL 1588495, at *3 (E.D. Cal. Apr. 20, 2016); United States v. Edmundson, No. PWG-13-15, 153 F.Supp.3d 857, 864, 2015 WL 9311983, at *6 (D. Md. Dec. 23, 2015). We leave the merits of Pinder's claim to the District Court to decide in the first instance.