[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12299-J
_____

IN RE: MARCKSON SAINT FLEUR,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)
_____

Before HULL, MARCUS, and MARTIN, Circuit Judges.

B Y   T H E   P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Marckson Saint Fleur has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

### I.    SAINT FLEUR'S *JOHNSON* CLAIM

In his application, Saint Fleur seeks to raise one claim in a second or successive § 2255 motion. Saint Fleur asserts that his claim relies on a new rule of constitutional law, citing *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague, and citing *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016), in which the Supreme Court held that *Johnson* applies retroactively to cases on collateral review.

Saint Fleur was not sentenced or subject to an enhancement under the ACCA. Rather, Saint Fleur appears to assert that the Supreme Court's holding in *Johnson* implicates his sentence for using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Specifically, he argues that his conviction for Hobbs Act robbery no longer qualifies as a crime of violence because of *Johnson*, and thus, his § 924(c) sentence cannot stand.

The ACCA, 18 U.S.C. § 924(e), defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

2

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).   The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause" (referred to herein as the "ACCA residual clause"). *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).   The ACCA residual clause covers "conduct that presents a serious potential risk of physical injury to another."   18 U.S.C. § 924(e)(2)(B)(ii).   In *Johnson*, the Supreme Court held that the ACCA residual clause is unconstitutionally vague.   *Johnson*, 576 U.S. at ___, 135 S. Ct. at 2557-58, 2563.   The Supreme Court clarified that, in holding that the ACCA residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony.   *Id.* at ___, 135 S. Ct. at 2563.

Distinct from the sentence provisions in § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes, as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—(i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

3

18 U.S.C. § 924(c)(1)(A).   For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

(A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)     that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id*. § 924(c)(3).   The former clause is referred to herein as the "use-of-force" clause and that later clause as the "§ 924(c)(3)(B) residual clause."   Notably, the ACCA's elements clause only involves the use of force "against the person of another," while the use-of-force clause involves the use of force "against the person or property of another."   *Compare* 18 U.S.C. § 924(e)(2)(B)(i), *with* 18 U.S.C. § 924(c)(3)(A) (emphasis added).

## II.     SAINT FLEUR'S HOBBS ACT ROBBERY

Saint Fleur was charged, in the same Second Superseding Indictment, with one count of "Hobbs Act Robbery" (Count 4), in violation of 18 U.S.C. § 1951(a), and one count of using, carrying, and discharging a firearm during a crime of violence as set forth in Count 4 (Count 5), in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(iii).

In that indictment, Count 4, the Hobbs Act robbery count, charged that Saint Fleur "did knowingly and unlawfully obstruct, delay and affect commerce . . . by means of robbery, as the term[] . . . 'robbery' [is] defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that [Saint Fleur] did take United States currency from individuals at the Au Bon Gout Restaurant . . . by means of actual and threatened force, violence, and fear of injury to said persons, in violation of Title 18, United States Code, Section 1951(a) and 2."

4

In that same indictment, Count 5, the § 924(c) count, charged that Saint Fleur "did knowingly use, carry and discharge a firearm during and in relation to a crime of violence, and did possess a firearm in furtherance of a crime of violence, which is a felony prosecutable in a court of the United States, specifically, a violation of Title 18, United States Code, Section 1951(a), *as set forth in Count[] . . . 4 of the Second Superseding Indictment*, in violation Title 18, United States Code, Sections 924(a)(1)(A), 924(a)(1)(A)(iii), and 2."   (emphasis added).

Saint Fleur pled guilty to Counts 4 and 5.

As recently pointed out in *In re Pinder*, "[o]ur Court hasn't decided if *Johnson* applies to § 924(c)(3)(B)" and "the law is unsettled" as to whether *Johnson* invalidates sentences that relied on the § 924(c)(3)(B) residual clause.   *In re Pinder*, ___ F.3d ___, No. 16-12084-J, 2016 U.S. App. LEXIS 10031, at *2, 4 (11th Cir. June 2, 2016) (granting an application for leave to file a second or successive motion under § 2255(h) because determining whether *Johnson* invalidates the § 924(c)(3)(B) residual clause should be decided in the first instance by the district court).   In this regard, we note that *Johnson* did not address the definition for "crime of violence" under § 924(c)(3), and, as shown above, the ACCA residual clause and the § 924(c)(3)(B) residual clause have somewhat different language.[1]

But we need not decide, nor remand to the district court, the § 924(c)(3)(B) residual clause issue in this particular case because even if *Johnson*'s rule about the ACCA residual clause applies to the § 924(c)(3)(B) residual clause, Saint Fleur's claim does not meet the statutory criteria for

---

[1] We also note that the ACCA § 924(e) sentence enhancement and the § 924(c) penalty each appear to serve a different statutory purpose.   *Compare* 18 U.S.C. § 924(c) (providing for a consecutive term of imprisonment for defendants who use a firearm during a concurrent and simultaneous crime of violence or drug trafficking crime), *with* 18 U.S.C. § 924(e) (providing for an enhanced term of imprisonment for a § 922(g)(1) conviction of a felon in possession of a firearm who had three past convictions for a violent felony or serious drug offense).

granting this § 2255(h) application.  This is because Saint Fleur's companion conviction for Hobbs Act robbery, which was charged in the same indictment as the § 924(c) count, clearly qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A).  The indictment and the judgment make clear that Saint Fleur's § 924(c) sentence was not pursuant to the residual clause in subsection (B), but pursuant to the use-of-force clause in subsection (A), which requires that the crime during which the defendant was carrying the firearm be a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  *See* 18 U.S.C. § 924(c)(3)(A).

Specifically, Saint Fleur pled guilty to Count 4, which charged that Saint Fleur did affect commerce "by means of robbery," as the term robbery is defined in 18 U.S.C. § 1951(b)(1). "The term 'robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property. . . ." *Id.* § 1951(b)(1).  Count 4 further charged Saint Fleur with, and Saint Fleur pled guilty to, committing robbery "by means of actual and threatened force, violence, and fear of injury."  Thus, the elements of Saint Fleur's § 1951 robbery, as replicated in the indictment, require the use, attempted use, or threatened use of physical force "against the person or property of another."  *See id.*; 18 U.S.C. § 924(c)(3)(A).

In sum, Saint Fleur pled guilty to using, carrying, and discharging a firearm during the Hobbs Act robbery set forth in Count 4, which robbery offense meets the use-of-force clause of the

6

definition of a crime of violence under § 924(c)(3)(A).[2]  This means Saint Fleur's sentence would be valid even if *Johnson* makes the § 924(c)(3)(B) residual clause unconstitutional.

Accordingly, because Saint Fleur has failed to make a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.

---

[2] In *Pinder*, this Court stated that the applicant's § 924(c) sentence "appear[ed] to have been based on a conviction for conspiracy to commit Hobbs Act robbery."  *Pinder*, ___ F.3d at ___ n.1, 2016 U.S. App. LEXIS 10031, at *5 n.1.   However, unlike *Pinder*, this case involves the actual commission of a Hobbs Act robbery.

MARTIN, Circuit Judge, concurring:

I agree that Marckson Saint Fleur's 18 U.S.C. § 924(c) sentence looks to be valid despite Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015).   I write separately to make two points.   First, the majority's holding seems to hinge on the fact that Mr. Saint Fleur was convicted in federal court of robbery "by means of an actual and threatened force, violence, and fear of injury."   In other cases where a different crime provided the basis for a § 924(c) sentence, there may still be "a sufficient showing of possible merit to warrant a fuller exploration by the district court."   In re Holladay, 331 F.3d 1169, 1173 (11th Cir. 2003) (quotation omitted).   Second, I am increasingly wary of deciding whether to grant leave to file a second or successive § 2255 petition based on a conclusion that the applicant's proposed claim will fail on the merits.   All § 2255 requires us to do at this stage is "certif[y]" whether the applicant made "a prima facie showing" that the petition will "contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."   28 U.S.C. §§ 2255(h), 2244(3)(C).   We have therefore held that "the merits" of a proposed claim "are not relevant to whether [the applicant] can obtain permission to bring a second or successive § 2255 motion."   In re Joshua, 224 F.3d 1281, 1282 n.2 (11th Cir. 2000) (per curiam).

Forgoing a detailed merits review makes sense because our decisions at this stage are typically based on nothing more than a form filled out by a prisoner.   Without any briefing or other argument made by a lawyer, we are ill equipped to decide the merits of the claim.   On top of that, we are expected to decide these applications within 30 days of their filing.   See 28 U.S.C. § 2244(b)(3)(D).   "Things are different in the district court.   That court has the benefit of submissions from both sides, has access to the record, has an opportunity to inquire into the

8

evidence, and usually has time to make and explain a decision about whether the petitioner's claim truly does meet the § 2244(b) requirements." Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1358 (11th Cir. 2007).

Given those limitations, it would be much more prudent, I believe, to allow the District Court to decide the merits of these cases in the first instance. The losing party can then appeal that decision. And in that context, our precedent provides that the decision on the merits appeal would not be controlled one way or another by the "limited determination" made in the order granting leave to file the § 2255 petition. In re Moss, 703 F.3d 1301, 1303 (11th Cir. 2013). Certainly this would be a more appropriate posture for a court of appeals to decide the merits of a § 2255 petition. At the current stage, applicants haven't even filed § 2255 petitions. All they've filed is a form applying for permission to file a petition.[1]

Even if some applications seem easy to deny based on how the merits look, this won't always be true. Mr. Saint Fleur's § 924(c) sentence was based on the determination that his federal robbery conviction is a "violent felony." This crime was charged in the same indictment and then proved in the same way and at the same time as his § 924(c) violation. Unlike Mr. Saint Fleur, many prisoners seeking to file new § 2255 petitions are challenging sentences that were based on old convictions under state law. This means a decision on the merits of a proposed claim will turn on whether those state crimes are a "violent felony" under

---

[1] This form gives prisoners very little space to explain their claims. See http://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/Form2255APP.pdf. The form also says: "Do not submit separate petitions, motions, briefs, arguments, etc." In this same context our court invited the government to file a brief "setting forth its views on the appropriate disposition of applications by federal defendants for leave to file second or successive motions under 28 U.S.C. § 2255(a) . . . in light of the recent decision in Johnson." This brief is 47 pages long and the government has asked us to file it "on the docket in future cases where federal defendants seek leave to file a successive Section 2255 motion."

one of the definitions of that term that survived Johnson.    And that inquiry depends in turn on how the state's courts interpreted the elements of the offense at the time the applicant was convicted.    See United States v. Howard, 742 F.3d 1334, 1343 (11th Cir. 2014).    Because of evolving state court rulings, this can mean that an offense will count as a "violent felony" if it was committed one year but not if it was committed the next.

Questions about how states apply their criminal statutes are rarely easy to answer. Again, the question can turn on the historical development of state law.    It can also depend on changes in federal law.    For example, the answer might depend on whether our precedent characterizing a particular state offense has been overruled by the Supreme Court, which has decided at least nine Armed Career Criminal Act (ACCA) cases in the past decade alone.[2] Adding to this difficulty, in many cases the only record of an applicant's earlier state conviction is the report prepared by a probation officer prior to sentencing (if that).    But when we grant leave to file a § 2255 petition, prisoners must file their petitions in the court that sentenced them. That court will be far more familiar with the sentencing (or can more easily become familiar) than we will be within the 30 days that we are given to decide an application for leave.    Also, in cases where a sentencing court didn't make a specific enough factual finding about which prior crimes the defendant committed (when a defendant committed many crimes that easily counted

_____

[2] See Johnson, 135 S. Ct. 2551; Descamps v. United States, __ U.S. __, 133 S. Ct. 2276(2013); Sykes v. United States, 564 U.S. 1, 131 S. Ct. 2267 (2011); McNeill v. United States, 563 U.S. 816, 131 S. Ct. 2218 (2011); Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265 (2010); United States v. Rodriquez, 553 U.S. 377, 128 S. Ct. 1783 (2008); Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008); Logan v. United States, 552 U.S. 23, 128 S. Ct. 475 (2007); James v. United States, 550 U.S. 192, 127 S. Ct. 1586 (2007).    This ongoing uncertainty is despite the fact that ACCA is over thirty years old.    Non-ACCA cases may govern the merits of Johnson claims as well.    See, e.g., Torres v. Lynch, __ U.S. __, 136 S. Ct. 1619 (2016); United States v. Castleman, __ U.S. __, 134 S. Ct. 1405 (2014); Moncrieffe v. Holder, __ U.S. __, 133 S. Ct. 1678 (2013).

under ACCA's "residual clause," this specificity may not have been necessary), the District Court can examine the allegations and documentary evidence and make these findings anew. As an appellate court, we can't do that.

Nothing in the habeas statute suggests that Congress expected us to decide the merits of a proposed claim when deciding whether to grant an application for leave to file a successive petition. When an appeals court panel combs a probation officer's unproven allegations to decide in the first instance if the applicant's sentence is lawful, it is deciding more than a "prima facie" case. In the somewhat analogous certificate of appealability (COA) context, the Supreme Court has said the COA statute's "threshold inquiry" is satisfied so long as "the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). This "does not require a showing that the appeal will succeed." Id. at 337, 123 S. Ct. at 1039. It doesn't even mean that "some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the . . . case has received full consideration, that petitioner will not prevail." Id. at 338, 123 S. Ct. at 1040.[3]

To some extent the COA standard is more demanding than the standard for granting an application to file a second or successive petition. A COA requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Permission to file a second or successive § 2255 petition merely requires "a prima facie showing" that petition will "contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

---

[3] The Supreme Court recently granted a prisoner's petition for certiorari in a case that (just like Miller-El) asks if the Fifth Circuit's COA standard is too strict. See Buck v. Stephens, No. 15-8049, __ S. Ct. __, 2016 WL 531661 (U.S. June 6, 2016).

Court." Id. §§ 2244(b)(3)(C), 2255(h)(2). By its plain text, the standard we are applying here invites even *less* of an inquiry into the merits of the proposed claim than the standard for a COA. Other courts agree that permission to file a second or successive § 2255 petition requires no inquiry into the merits of a proposed claim.[4] So do the leading practice manuals.[5]

For decades, courts across the country imprisoned people in a way that we know after Johnson is illegal. The Supreme Court has also told us that prisoners are entitled to benefit from Johnson regardless of when they were sentenced. See Welch v. United States, __ U.S. __, __, 136 S. Ct. 1257, 1268 (2016). We owe these possibly wrongfully incarcerated people careful attention in deciding whether a district court can simply *look* at whether their sentence is wrong. Our court received about 600 Johnson-based § 2255(h) applications in the month of May alone. Nearly all those applications are pro se. Some were denied by split panels.[6]

---

[4] See, e.g., Ochoa v. Sirmons, 485 F.3d 538, 541 (10th Cir. 2007) ("This statutory mandate does not direct the appellate court to engage in a preliminary merits assessment. Rather, it focuses our inquiry solely on the conditions specified in § 2244(b) that justify raising a new habeas claim."); Goldblum v. Klem, 510 F.3d 204, 219 n.9 (3d Cir. 2007) ("'[S]ufficient showing of possible merit' in this context does not refer to the merits of the claims asserted in the petition." (alteration in original)).

[5] See, e.g., Means, Federal Habeas Manual § 11:85, at 1307 (2015 ed.) ("If the petitioner seeks to file a second or successive petition based on a new rule of law made retroactive on collateral review by the Supreme Court, the appellate court does not conduct any assessment of the merits of the underlying claim, preliminary or otherwise." (citations omitted)); Hertz & Liebman, 2 Federal Habeas Corpus Practice & Procedure § 28.3[d], at 1717 (7th ed. 2015) (explaining that "lack of merit" is "irrelevant" at the § 2244(b) authorization stage).

[6] E.g., In re Payne, No. 16-12290 (11th Cir. June 6, 2016) (Martin, J., dissenting); In re Knight, No. 16-12132 (11th Cir. June 3, 2016) (Wilson, J., dissenting); In re Little, No. 16-11979 (11th Cir. May 27, 2016) (Martin, J., dissenting); In re McKinney, No. 16-11948 (11th Cir. May 26, 2016) (Martin, J., dissenting); In re Turner, No. 16-11914 (11th Cir. May 25, 2016) (Rosenbaum, J., dissenting); In re Smith, No. 16-11901 (11th Cir. May 24, 2016) (Wilson, J., dissenting); In re Cantillo, No. 16-11468 (11th Cir. May 2, 2016) (Martin, J., dissenting); In re Young, No. 16-11532 (11th Cir. Apr. 28, 2016) (Wilson, J., dissenting).

And nearly all the orders in these cases are not published on our public website or in case reporters, which means no lawyer is likely to ever see them.

The stakes in these cases are very high, since many of these applicants claim they are in prison beyond the lawful limit of their sentence.    And the margin for error is very low, since the "denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."    28 U.S.C. § 2244(b)(3)(E).    Federal judges are rarely authorized to make legal decisions that are not subject to review.    In the few circumstances for which Congress has given us this authority, we ought to wield it with extreme caution.    While the merits of Mr. Saint Fleur's proposed claim seem easier than in some other cases, it is hard to be sure based on the limited record we have at this stage.    I worry that our merits decisions in these cases may be shutting people out of court based on conclusions that are both "not relevant" at this stage and not reviewable.    Joshua, 224 F.3d at 1282 n.2.

13