[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 16-13661-J, 16-14000-J
_____

IN RE: JEFFREY SMITH,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)
_____

Before HULL, JULIE CARNES, and JILL PRYOR, Circuit Judges.

B Y   T H E   P A N E L :

Jeffrey Smith was convicted by a jury of carjacking, in violation of 18 U.S.C.

§ 2119, and carrying and using a firearm during this crime of violence, in violation

of 18 U.S.C. § 924(c).   The convictions arose out of a carjacking during which one

of the victims was shot to death.   Smith has filed an application seeking an order

authorizing the district court to consider a second or successive motion to vacate, set

aside, or correct his federal sentence under 28 U.S.C. § 2255.   Such authorization

may be granted only if this Court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).   Only the second subsection above—assertion of a new rule of constitutional law—is at issue here.

We may authorize the filing of a second or successive motion only if we first determine that the applicant has made a *prima facie* showing that satisfies the requirements of this subsection.   28 U.S.C. § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357–58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

Smith filed two applications, one *pro se*, and one counseled.   We consolidated those applications, and, because the applications raise substantially the same claim, we consider them together.   In his applications, Smith indicates that he wishes to raise one claim in a second or successive § 2255 motion.   Smith asserts that his claim relies upon the new rule of constitutional law announced in *Johnson v.*

2

*United States*, 576 U.S. __, 135 S. Ct. 2551 (2015).   In *Johnson,* the Supreme Court held that because the residual clause of the "violent felony" definition in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, imposition of an enhanced sentence under that provision violates the Fifth Amendment's guarantee of due process.   The Supreme Court made clear that its ruling on the residual clause did not call into question the validity of the elements clause or the enumerated crimes clause of the ACCA's definition of a violent felony.[1]   *Id.* at __, 135 S. Ct. at 2563.   Smith's applications also cite *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), in which the Supreme Court held that *Johnson* applies retroactively to cases on collateral review.   In short, Smith asserts that his conviction and sentence under § 924(c) are no longer valid in light of *Johnson*.

In light of the Supreme Court's holdings in *Johnson* and *Welch*, federal prisoners who make a *prima facie* showing that they previously were sentenced in reliance on the ACCA's now-void residual clause are entitled to file a second or successive § 2255 motion in the district court.   However, merely asserting, in the

---

[1]   The ACCA calls for an enhanced sentence for a defendant who has three prior predicate convictions and who has been convicted under 18 U.S.C. § 922(g), which, among other things, prohibits a felon from possessing a firearm.   A predicate conviction for a violent felony can qualify either under (1) the elements clause (§ 924(e)(2)(B)(i)) (a prior crime having as an element the use, attempted use, or threatened use of physical force against the person of another); (2) the enumerated crimes clause (§ 924(e)(2)(B)(ii)) (burglary, arson, extortion or use of explosives); or (3) the residual clause (§ 924(e)(2)(B)(ii)) (crime that presents a serious potential risk of physical injury to another).

abstract, a ground that purportedly meets § 2255(h)'s requirements "represent[s] the minimum showing" necessary to file a successive § 2255 motion.   *In re Holladay*, 331 F.3d 1169, 1173 (11th Cir. 2003) (granting a state death-row inmate's successive application because he had proffered detailed evidence, in satisfaction of § 2244(b)(3)(C), that showed "a reasonable likelihood that he is in fact mentally retarded" to support his proposed *Atkins* claim).   Rather, § 2244(b)(3)(C) requires the applicant to make "a *prima facie* showing that the application satisfies the requirements of this subsection."   *Id.*   Accordingly, it is not enough for a federal prisoner to merely cite *Johnson* as the basis for the claim he seeks to raise in a second or successive § 2255 motion.   Instead, the prisoner must also make a *prima facie* showing that he falls within the scope of the new substantive rule announced in *Johnson*.   *See id.*; 28 U.S.C. § 2244(b)(3)(C).

**Potential Applicability of *Johnson* to a Non-ACCA Statute**

As noted, *Johnson* rendered the residual clause of the ACCA invalid.   It said nothing about the validity of the definition of a crime of violence found in § 924(c)(3), which prohibits using or carrying a firearm during a crime of violence. Section 924(c) creates a separate crime and provides for a mandatory consecutive sentence for a defendant who uses a firearm during a crime of violence or a drug

4

trafficking crime.   18 U.S.C. § 924(c)(1).   For purposes of § 924(c), "crime of violence" means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Subsection (A) is often referred to as the force clause, the use-of-force clause, or the elements clause.   Subsection (B) is often referred to as the residual clause or the substantial-risk clause.   We will refer to the clauses, respectively, as the force clause and the residual clause.

As noted, Smith contends that the rule promulgated in *Johnson*, which held the residual clause of the ACCA to be unconstitutionally vague, means that § 924(c)'s residual clause must likewise suffer the same fate.   Further, as this argument goes, because *Johnson* applies retroactively for purposes of permitting a second or successive § 2255 motion, then a prisoner who was not convicted of an ACCA violation may also rely on *Johnson* and *Welch* to gain permission to file a second or successive motion attacking a conviction under a different statute.   This contention, however, is not self-evident and, indeed, there are good reasons to

5

question an argument that *Johnson* mandates the invalidation of § 924(c)'s particular residual clause, as set out in § 924(c)(3)(B).

First, an analysis of a statute's vagueness is necessarily dependent on the particular words used and, while similar, the language in the two statutes is not the same.[2]   Not only did the Supreme Court in *Johnson* decline to expressly invalidate § 924(c)'s residual clause, it further refused to broadly condemn other criminal laws that used risk-based terms.   *Johnson*, 135 S. Ct. at 2561 (indicating that, contrary to fears expressed by the Government, its holding did not mean that other criminal statutes that used terms such as "substantial risk" were necessarily in "constitutional doubt").   Second, § 924(c)'s residual clause has not been subject to the same kind of uncertainty in application that long plagued the residual clause of the ACCA and ultimately led the Supreme Court to strike that clause.   *See id.* at 2559–60 (discussing the uncertainty experienced in applying the ACCA's residual clause). In short, there are reasons to question whether the Supreme Court's striking of the

---

[2]  Section 924(c)(3) defines a crime of violence as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."   Section 924(c)(3)(B) is similar, but not identical, to the language of the ACCA residual clause invalidated by the Supreme Court in *Johnson*.   Specifically, the residual clause of the ACCA counts as qualifying a crime that involves conduct that presents a *serious potential risk of physical injury* to another.   *See* 18 U.S.C. § 924(e)(2)(B)(ii).   The residual clause of § 924(c), on the other hand, requires a crime that, by its nature, involves a *substantial risk that physical force may be used* against people or property.   *See* 18 U.S.C. § 924(c)(3)(B).

6

ACCA's residual clause means that § 924(c)'s clause is also invalid and, if so, whether the Supreme Court has expressed that conclusion clearly enough in *Johnson* to warrant permitting a prisoner convicted under § 924(c) to file a second or successive petition on such an uncertain basis.

Nevertheless, in executing our gatekeeper function as to claims asserting that § 924(c)'s residual clause is now also invalid as a result of *Johnson*, we have assumed, as a threshold matter, that it might be. *See In re Pinder*, No. 16-12084, __ F.3d __, 2016 WL 3081954, at *2 (11th Cir. June 1, 2016). But where it is clear that a § 924(c) conviction is based on an underlying offense that satisfies the statute's force clause, we have said so and, in those cases, we have denied the application for a second or successive § 2255 motion. For example, we have held that armed bank robbery and Hobbs Act robbery clearly meet the requirements of § 924(c)(3)(A)'s force clause, and therefore have found no *prima facie* showing by an applicant who seeks to make a *Johnson* challenge as to those convictions in a successive motion. *See In re Hines*, No. 16-12454, __ F.3d __, 2016 WL 3189822, at *2–3(11th Cir. June 8, 2016) (explaining that armed bank robbery under 18 U.S.C. § 2113 is a crime of violence under § 924(c)(3)(A)'s force clause); *In re Saint Fleur*, No. 16-12299, __ F.3d __, 2016 WL 3190539, at *3–4, manuscript order at 6–7 (11th Cir. June 8, 2016) (concluding that Hobbs Act robbery under 18 U.S.C. § 1951 is a crime of

7

violence under § 924(c)(3)(A)'s force clause).   When it is uncertain whether the underlying offense satisfies § 924(c)(3)'s force clause, we have granted the application.   *See In re Pinder*, 2016 WL 3081954 at *2 (holding that an applicant made a *prima facie* case, for purposes of second or successive review, when seeking to challenge a conviction for conspiracy to commit Hobbs Act robbery based on an argument that such a conviction meets only the residual clause of § 924(c)).

In sum, then, for purposes of this order, we will assume that we can extrapolate from the *Johnson* holding that § 924(c)'s residual clause is also unconstitutional.   But as explained below, even making that assumption, we conclude that Smith has not made a *prima facie* case that *Johnson* renders his § 924(c) conviction invalid.

## A Carjacking Conviction under 18 U.S.C. § 2119 Satisfies § 924(c)'s Force Clause

As explained above, Smith contends that the rule promulgated in *Johnson*, which held the residual clause of the ACCA to be unconstitutionally vague, means that § 924(c)'s residual clause must likewise suffer the same fate.   While skeptical of the merits of this argument, we will assume for now that Smith is correct. Consistent with that assumption, if § 924(c) now lacks a residual clause, all that remains is the force clause.   Smith asserts that a federal conviction for carjacking under § 2119 does not meet the requirements of the force clause and, that being so,

8

carjacking can never be deemed a crime of violence.   For this reason, Smith argues

he should be allowed to pursue a second § 2255 motion to seek to have his § 924(c)

conviction overturned.

We disagree.   Even assuming that *Johnson* invalidated § 924(c)'s residual

clause, that conclusion would not assist Smith because the elements of the

underlying conviction on which his § 924(c) conviction was based—carjacking, in

violation of 18 U.S.C. § 2119—meet the requirements that the force clause in

§ 924(c)(3)(A) sets out for a qualifying underlying offense.   In fact, our precedent

says just that.   In *United States v. Moore*, 43 F.3d 568 (11th Cir. 1994), we held:

> The term "*crime of violence*" as Congress defined it in 18 U.S.C
> § 924(c)(3) *clearly includes carjacking*.   "Tak[ing] or attempt[ing]
> to take by force and violence or by intimidation," 18 U.S.C. § 2119,
> encompasses "the use, attempted use, or threatened use of physical
> force . . . ." 18 U.S.C. § 924(c)(3)(A).

*Id.* at 572–73 (emphasis added).   Stated another way, an element requiring that one

take or attempt to take by force and violence or by intimidation, which is what the

federal carjacking statute does, satisfies the force clause of § 924(c), which requires

the use, attempted use, or threatened use of physical force.[3]   In short, our precedent[4]

---

[3] Our dissenting colleague points out that, following its statement that the elements of a carjacking offense satisfy the force clause (§ 924(c)(3)(A)), the opinion in *Moore* notes that those elements also satisfy the § 924(c)(3)(B)'s residual clause.   From that, the dissent argues that the opinion could be read as relying on the residual clause.   We do not read *Moore* in this way.   By setting out each of the two clauses of § 924(c)(3) and concluding that carjacking meets each of them, we find *Moore*'s holding to be clear.

9

holds that carjacking in violation of § 2119 satisfies § 924(c)'s force clause, and that ends the discussion.[5]

Accordingly, regardless of the validity of § 924(c)'s residual clause, Smith's § 924(c) conviction meets the requirements of that statute's force clause. Therefore, Smith has failed to make a *prima facie* showing that he has raised a claim that meets the statutory criteria and his application is therefore DENIED.

---

[4]   Although we have binding precedent to support our conclusion, we do not concede that such precedent is required.   Citing *In re Rogers*, the dissent asserts that we are required to grant an application unless "it is clear under 'on-point binding precedent [that] a particular crime categorically qualifies' as a crime of violence notwithstanding *Johnson*."   Dissenting Ord. at 3 (quoting *In re Rogers*, No. 16-12626, __F.3d __, 2016 WL 3362057, at *2 (11th Cir. June 17, 2016)).   But we have held that this language in *In re Rogers* addressed only an ACCA challenge, not a challenge of a § 924(c) conviction.   And given the significant difference between those two types of challenges, we held that *Rogers*'s statement regarding the need for prior precedent does not apply in this context.   *See In re Gordon*, No. 16-13681 & 16-13803, __F.3d__, 2016 WL 3648472, at *4 n.4 (11th Cir. July 8, 2016).

[5]   We also disagree with the dissent's suggestion that the Supreme Court's decision in *Holloway v. United States*, 526 U.S. 1, 11 (1999) undermines *Moore*.   The dissent reads *Holloway* as indicating that a defendant could be found guilty of carjacking if a driver surrenders his car, even if the defendant never used, attempted to use, or threatened to use physical force, so long as the defendant had the intent to inflict death or serious bodily harm.   Respectfully, we do not read *Holloway* as making such a pronouncement.   If one reads the sentences that precede the language quoted by the dissent, it appears that the Supreme Court is saying nothing more than not every threat, accompanied by the taking of a vehicle, renders one guilty of carjacking.   Instead, a taking preceded by a threat will be insufficient unless there is also at least a conditional intent to inflict bodily harm.   Hence, that the driver-victim may have surrendered his car based on an "empty threat" or "intimidating bluff," *id.*, by the defendant does not mean that the latter is guilty of carjacking unless he also intended to inflict physical harm on the victim.   *See id.*

10

JILL PRYOR, Circuit Judge, dissenting:

I respectfully dissent from the decision to deny Jeffrey Smith's application to file a second or successive 28 U.S.C. § 2255 motion.

Mr. Smith argues that *Johnson v. United States*, 135 S. Ct. 2551 (2015), makes his 18 U.S.C. § 924(c) sentence unlawful. In *Johnson*, the Supreme Court struck a portion of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. Generally speaking, the ACCA imposes an enhanced mandatory minimum term of imprisonment for individuals convicted of being a felon in possession of a firearm who had at least three prior violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The ACCA provides three definitions of "violent felony." Section 924(e)(2)(B)(i), the "elements clause," covers any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Section 924(e)(2)(B)(ii) covers any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The first 9 words of that subsection make up the "enumerated crimes clause," and the last 13 make up the "residual clause." *Johnson* struck the residual clause from the ACCA.

Mr. Smith was sentenced under 18 U.S.C. § 924(c), which requires a higher prison sentence whenever an individual uses a firearm during and in relation to a

"crime of violence."    18 U.S.C. § 924(c)(1)(A).    The definition of "crime of

violence" under § 924(c) is "very similar" to that in the ACCA.    *In re Pinder*, No.

16-12084, __ F.3d __, 2016 WL 3081954, *1 (11th Cir. June 1, 2016) (authorizing

a second or successive § 2255 motion in a § 924(c) case based on *Johnson*).    A

"crime of violence" under § 924(c) is a felony offense that:

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(B).    The statute, then, contains an elements clause

(subsection A) and a residual clause (subsection B).

Mr. Smith received a § 924(c) sentence enhancement based on a companion

conviction for carjacking, in violation of 18 U.S.C. § 2119.    A person commits

the federal offense of carjacking when he, "with the intent to cause death or serious

bodily harm takes a motor vehicle that has been transported, shipped, or received

in interstate or foreign commerce from the person or presence of another by force

and violence or by intimidation," or if he attempts to do so.    *Id.*    In challenging

his § 924(c) sentence based on *Johnson*, Mr. Smith's application asserts that the

statute qualifies as a crime of violence in whole or part under the residual clause.

Put differently, he is arguing that, in light of *Johnson*, his carjacking offense no

longer categorically qualifies as a crime of violence.

We may only deny Mr. Smith's application if, as relevant here, it is clear under "on-point binding precedent [that] a particular crime categorically qualifies" as a crime of violence notwithstanding *Johnson*. *In re Rogers*, No. 16-12626, __ F.3d __, 2016 WL 3362057, *2 (11th Cir. June 17, 2016).[1] The majority easily concludes that carjacking "meets the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying offense." Maj. Ord. at 9. I disagree.

Although the carjacking statute may categorically have "as an element the use, attempted use, or threatened use of physical force" such that it necessarily qualifies as a crime of violence even after *Johnson*, we have not so held. 18 U.S.C. § 924(c)(3)(A). In fact, it appears that we previously have relied at least in part on the residual clause in concluding that carjacking qualifies as a crime of violence. In *United States v. Moore*, a panel of this Court explained:

> The term "crime of violence" as Congress defined it in 18 U.S.C. § 924(c)(3) clearly includes carjacking. "Tak[ing] or attempt[ing] to take by force and violence or by intimidation," 18 U.S.C. § 2119, encompasses "the use, attempted use, or threatened use of physical force . . . ." 18 U.S.C. § 924(c)(3)(A). Moreover, the defendant need not have engaged in actual violence in order for the predicate offense to be a crime of violence under section 924(c)(1). The offense is a crime of violence if it "by its nature, involves a

---

[1] The majority, citing *In re Gordon*, No. 16-13681 & 16-13803, __F.3d__, 2016 WL 3648472 (11th Cir. July 8, 2016), states that we have "held" that *Rogers* is inapposite in § 924(c) cases. Maj. Ord. at 10 n.4. But our suggestion in *Gordon* that *Rogers*'s applicability may be limited outside the ACCA framework was not in any way essential to our holding in that case and, therefore, merely is dicta. *See United States v. Valencia-Trujillo*, 573 F.3d 1171, 1180 n.6 (11th Cir. 2009).

13

substantial risk that physical force . . . may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B); *see also* [*United States v.*] *Singleton*, 16 F.3d [1419,] 1423 [(5th Cir. 1994)] (noting that carjacking is always and without exception a crime of violence as that term is defined in 18 U.S.C. § 924(c)(3)).

43 F.3d 568, 572-73 (11th Cir. 1994). I think it is telling that the panel in *Moore*

relied on the residual clause. Had the panel agreed with the majority's assertion

here that carjacking "clearly meets" the requirements of the elements clause, I see

no reason why it would have felt it necessary to discuss the residual clause at all.

I acknowledge that it is perhaps possible to read *Moore* as holding that

carjacking qualifies as a crime of violence solely under the elements clause. But I

also think it fair to intuit that both the elements clause and the residual clause were

necessary to the panel's conclusion that carjacking categorically qualified as a

crime of violence. The panel in *Moore* stated, for example, that the carjacking

statute "encompasses" the elements clause. In doing so, it intimated that a part of

the carjacking statute was broader than the elements clause. *See Encompass*,

Merriam-Webster Dictionary, http://www.merriam-webster.com/dictionary/

encompass (defining "encompass" as "to include (something) as a part"). We can

therefore infer that the panel referenced the residual clause because it was

necessary to make up for what the elements clause did not cover.[2]

---

[2] *Moore* also construed an earlier version of the federal carjacking statute, but the amendment did not affect the "by force and violence or by intimidation" portion of the statute.

14

Even putting aside the express reasoning in *Moore*, I think that Mr. Smith has a colorable argument that the offense of carjacking covers more conduct than the elements clause and that in the absence of the residual clause carjacking may not qualify as a crime of violence under § 924(c).

Notably, the carjacking statute under which Mr. Smith was convicted can be violated "by force and violence *or by intimidation*."    18 U.S.C. § 2119 (emphasis added).    Although on its face, the term "intimidation" seems coterminous with "threatened use of physical force" as it appears in the elements clause, our precedent indicates that may not necessarily be the case.    This Court previously has held that whether a defendant engaged in "intimidation" is analyzed from the perspective of a reasonable observer rather than the actions or threatened actions of the defendant.    *See United States v. Kelley*, 412 F.3d 1240, 1244-45 (11th Cir. 2005).    It is thus possible for a defendant to engage in intimidation without ever issuing a verbal threat by, for example, slamming a hand on a counter, as occurred in *Kelley*.    *Id.* at 1245.    This, to me, raises a question regarding whether it is possible to commit the offense of carjacking without ever using, attempting to use, or threatening to use physical force as described in the elements clause.

I note that in addition to covering acts of intimidation, the federal carjacking statute also contains an intent element.    A person commits the federal offense of carjacking only if he acts "with the intent to cause death or serious bodily harm."

18 U.S.C. § 2119.    But even if this intent requirement somewhat limits the broad scope of conduct that otherwise qualifies as "intimidation," it does not entirely eliminate my concern that the federal offense of carjacking covers more conduct than does the elements clause of § 924(c).    The intent element and the "by force and violence or by intimidation" element concern separate inquiries; if not, the latter would be "render[ed] superfluous" by the former.    *Holloway v. United States*, 526 U.S. 1, 11 (1999).    Thus, it is possible to prove that a defendant had the intent to commit death or serious bodily harm without proving that he used, attempted to use, or threatened to use physical force against the victim.    As the Supreme Court explained in *Holloway*, a defendant could still be found guilty of carjacking in a "case in which the driver surrendered or otherwise lost control over his car" without the defendant ever using, attempting to use, or threatening to use physical force so long as the government could separately satisfy the intent element.    *Id.*[3]    The government could do so by, for example, looking outside the defendant's charged conduct and at his prior bad acts.    *United States v. Perez*, 443 F.3d 772, 779 (11th Cir. 2006) (noting that it is permissible to admit

---

[3] To be clear, I do not read *Holloway* as taking a stance on whether an act of intimidation is equivalent to a threat of violence. Rather, I cite it for what I consider to be the relatively unremarkable conclusion that a defendant can only be convicted of carjacking if his conduct separately satisfies both the intent element and the physical force / intimidation element. Thus, we cannot automatically infer that a defendant threatened violence merely from the fact that he possessed an intent to injure. Those are different inquiries and a defendant can satisfy one element without satisfying the other.

16

"prior-bad-acts evidence to show motive, preparation, knowledge, and intent, as well as an ongoing scheme or plan"); Fed. R. Evid. 404(b).

Given this possibility, I think it far from a foregone conclusion that the scope of the federal offense of carjacking is coextensive with that of the elements clause.   And if it isn't, we would have to rely on the residual clause to conclude that carjacking categorically qualifies as a crime of violence.   Moreover, if the rule announced in *Johnson* applies to § 924(c)'s residual clause—and it may—then we cannot rely in part on the residual clause as we did in *Moore* to hold that carjacking categorically qualifies as a crime of violence.   Therefore, because *Moore* may not now apply and for the reasons I have discussed, it is not clear from our binding precedent that Mr. Smith's § 924(c) sentence is unaffected by *Johnson*'s rule.

Nor should we decide here, in the first instance, whether carjacking categorically qualifies as a crime of violence under the elements clause notwithstanding the fact that it can be committed "by force and violence *or by intimidation*."   18 U.S.C. § 2119 (emphasis added).   "To decide complex issues of first impression, such as whether a particular . . . conviction . . . categorically qualifies under the elements clause . . . , or even whether the . . . statute under which that conviction was obtained is divisible, would be impracticable given our time limitation and lack of merits briefing in the successive § 2255 motion

17

context."    *Rogers*, 2016 WL 3362057, at *3; *see Jordan v. Sec'y, Dep't of Corr.*,

485 F.3d 1351, 1357-58 (11th Cir. 2007) ("When we make that prima facie

decision we do so based only on the petitioner's submission.    We do not hear

from the government.    We usually do not have access to the whole record.    And

we often do not have the time necessary to decide anything beyond the prima facie

question because we must comply with the statutory deadline.").[4]    Indeed, in

*Jordan* we concluded that "the statute does not allow us" to reach the decision on

the merits at the application stage but rather "restricts us to deciding whether the

petitioner has made out a prima facie case of compliance with the [28 U.S.C.]

§ 2244(b) requirements."    *Id.*

"Nor would [deciding such a complex issue] be prudential, considering

nothing we pronounce in orders on applications to file successive § 2255 motions

binds the district court."    *Rogers*, 2016 WL 3362057, at *3; *see In re Moss*, 703

F.3d 1301, 1302 (11th Cir. 2013) (noting that our "limited determination" does not

bind the district court, which is to decide the "issues fresh, or in the legal

vernacular, *de novo*" (alteration adopted)).

Unlike the majority, I have serious doubts about whether Mr. Smith's

carjacking conviction can qualify him for a § 924(c) enhanced sentence after

---

[4] If the question in this case merely was whether Mr. Smith used force when committing his carjacking offense, I would have no trouble concluding that he did.    But this is not the question at all.    The question we must answer is whether the carjacking statute under which Mr. Smith was convicted *categorically* qualifies as a crime of violence so that his sentence may be enhanced under § 924(c).    *See Rogers*, 2016 WL 3362057, at *2.

*Johnson*.   We certainly have never held that the statute would qualify

categorically even setting aside the residual clause in § 924(c).   It would be

impractical and imprudent to decide this complex question in the first instance

here.   For these reasons, I respectfully dissent.