ED CARNES, Chief Judge,
concurring:
Emilio Gomez was sentenced under 18 U.S.C. § 924(c)(1)(A) for using, carrying, or possessing a firearm “during and in *1229 relation to any crime of violence or drug trafficking crime.” The indictment identifies at least four possible predicate offenses: two drug trafficking crimes, conspiracy to commit Hobbs Act robbery, and attempted Hobbs Act robbery. The majority holds that because it is unclear which crime served as the predicate offense for Gomez’s sentence under § 924(c), he has made a prima facie showing that his conviction may — not that it does, but it may— implicate § 924(c)’s residual clause and Johnson. I don’t disagree with that.
One statement in the order does deserve clarification. It states that the Pinder decision “ruled that Johnson could invalidate the ‘very similar’ § 924(c)(3)(B) language.” Maj. Opn. at 2 (citing In re Pinder, 824 F.3d 977, 2016 WL 3081954, at *2 (11th Cir. 2016)). That statement should not be read to mean that Johnson does invalidate that language. What it means, and what Pinder ruled, is that because the validity of § 924(c)(3)(B)’s residual clause is an open question, a prima facie case had been established. How the issue should be decided is left to the district court initially and then to this Court, if there is an appeal.
The order also states that the question of whether the crimes of conspiring or attempting to commit Hobbs Act robbery categorically qualify as crimes of violence for purposes of § 924(c) is an open one, see Maj. Opn. at 6-7, and that it is unclear whether Gomez was sentenced on the basis of those crimes for purposes of § 924(c) or instead on the basis of his drug trafficking crimes, which clearly do qualify as predicate offenses. The district court will determine, in the first instance, which crimes constitute the basis for Gomez’s § 924(c) sentence. If the drug trafficking crimes are the basis for Gomez’s § 924(c) sentence, then Johnson is inapplicable and the court’s analysis must end. If conspiring or attempting to commit Hobbs Act robbery are the basis for Gomez’s sentence, then the court must determine whether those crimes qualify as crimes of violence for purposes of §' 924(c).
And, as the order states, “[sjhould an appeal be filed from the district court’s determination, ‘nothing in this order shall bind the merits panel in the appeal.’ ” Maj. Opn. at 8. Nothing.