[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 16-13681-J & 16-13803-J
_____

IN RE: DARREN DEMEATRIE GORDON

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before: TJOFLAT, HULL, and JULIE CARNES, Circuit Judges.

BY THE PANEL:

In these consolidated proceedings pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Darren Demeatrie Gordon has filed two applications—one *pro se* and the other through counsel—seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if we certify that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that our determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In his two applications, Gordon indicates that he wishes to raise one claim in a second or successive § 2255 motion. Gordon asserts that his claim relies upon the new rule of constitutional law announced in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and made retroactively applicable to cases on collateral review by *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, ___ L. Ed. 2d ___ (2016). Specifically, he asserts that his 60-month consecutive sentence for using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), must be set aside in light of *Johnson* and *Welch*.

## I.  THE ACCA

A felon in possession of a firearm who has at least three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another," is subject to an enhanced statutory penalty under the ACCA. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

2

*Id.* § 924(e)(2)(B).   The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause."   *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

## II.   *JOHNSON* AND *WELCH*

On June 26, 2015, the Supreme Court in *Johnson* held that the residual clause of the ACCA is unconstitutionally vague.   *Johnson*, 576 U.S. at ___, ___, 135 S. Ct. at 2557-58, 2563.   The Supreme Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes clause of the ACCA's definition of a violent felony.   *Id.* at ___, 135 S. Ct. at 2563.   On April 18, 2016, the Supreme Court held in *Welch* that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.   *Welch*, 578 U.S. at ___, 136 S. Ct. at 1264-65.[1]

In light of the Supreme Court's holdings in *Johnson* and *Welch*, many federal prisoners now seek to make a *prima facie* showing that they previously were sentenced, at least in part, in reliance on the ACCA's now-voided residual clause, and seek to file a second or successive § 2255 motion in the district court.   However, merely alleging a basis that meets § 2255(h)'s requirements in the abstract only "represent[s] the minimum showing" necessary to file a successive § 2255 motion because, under § 2244(b)(3)(C), the applicant also must make "a *prima facie* showing that the application satisfies the requirements of this subsection."   *In re Holladay*,

---

[1]Although the Supreme Court held that *Johnson*'s invalidation of the residual clause applied retroactively, the Supreme Court remanded Welch's § 2255 proceedings to this Court to determine whether the district court's denial of the § 2255 motion was correct "on other grounds," noting that "the parties continue to dispute whether Welch's strong-arm robbery conviction qualifies as a violent felony under the elements clause of the Act, which would make Welch eligible for a 15-year sentence regardless of *Johnson*."   *Welch*, 578 U.S. at ___, 136 S. Ct. at 1268.

3

331 F.3d 1169, 1173 (11th Cir. 2003).   Accordingly, it is not enough for a federal prisoner to merely cite *Johnson* as the basis for his claims; he also must make a *prima facie* showing that he was sentenced, at least in part, under the residual clause, and thus falls within the scope of the new substantive rule announced in *Johnson*.   *See, e.g.*, *id.*; *see also* 28 U.S.C. § 2244(b)(3)(C).

### III.   GORDON'S CONVICTIONS AND SENTENCE

A jury found Gordon guilty of committing the following offenses, all of which were charged in the same indictment: (1) one count of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 1); (2) one count of using and carrying a firearm during and in relation to a crime of violence, that is the Hobbs Act robbery charged in Count 1 of the indictment, in violation of 18 U.S.C. §§ 924(c) and 2 (Count 2); and (3) one count of being a felon in possession of a firearm, in violation 18 U.S.C. §§ 922(g)(1) (Count 3).[2]   The district court sentenced Gordon to 240 months' imprisonment as to Count 1, the Hobbs act robbery count, and 120 months imprisonment as to Count 3, the felon-in-possession count, with those counts to run concurrently.[3] As to Count 2, the § 924(c) count, Gordon received a consecutive 60-month sentence of imprisonment.

---

[2]Count 1 charged that Gordon "did knowingly and willfully obstruct, delay and affect commerce . . . by robbery, as the terms 'commerce' and 'robbery' are defined in Title 18, United States Code, Section 1951(b), in that [Gordon] did unlawfully take and obtain property . . . from the person, presence and custody of an employee . . . against her will, by means of actual and threatened force, violence and fear of injury to her person; in violation of Title 18, United States Code, Sections 1951(a), and . . . 2."

Count 2 charged that Gordon "did knowingly use and carry firearms . . . during and in relation to a crime of violence which is a felony prosecutable in a court of the United States, that is, a violation of Title 18, United States Code, Section 1951(a), *as set forth in Count [1] of the indictment*; all in violation of Title 18, United States Code, Section 924(c), and . . . Section 2." (emphasis added).

[3]Gordon's applications do not raise an ACCA claim.   This is because Gordon did not receive an ACCA enhancement for his felon-in-possession conviction.

## IV.  GORDON'S § 924(c) CLAIM

Distinct from the sentence provisions in § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes, as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—(i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).  For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

(A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id*. § 924(c)(3).  The former clause is referred to herein as the "use-of-force" clause and that later clause as the "§ 924(c)(3)(B) residual clause."

We recently recognized that it is an open question whether *Johnson* applies to the residual clause set out in 18 U.S.C. § 924(c)(3)(B).  *In re Pinder*, ___ F.3d ___, ___, No. 16-12084, 2016 U.S. App. LEXIS 10395, at *4 (11th Cir. June 1, 2016).  In *Pinder*, this Court considered whether a companion charge of conspiracy to commit Hobbs Act robbery might qualify as a crime of

5

violence under § 924(c). *Id.* at *4 n.1.  Because it was not clear whether conspiracy to commit Hobbs Act robbery qualified as a crime of violence under § 924(c), this Court concluded that the applicant had made a *prima facie* case that *Johnson* impacted the validity of his § 924(c) conviction. *Id.*

In some cases, it has been clear that the § 924(c) companion conviction qualifies as a crime of violence under § 924(c). *See, e.g.*, *In re Saint Fleur*, ___ F.3d ___, ___, No. 16-12299, 2016 U.S. App. LEXIS 10395, at *9-10 (11th Cir. June 8, 2016) (concluding that a companion conviction for substantive Hobbs Act robbery "clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)" without regard to the § 924(c)(3)(B) residual clause); *In re Hines*, ___ F.3d ___, ___, No. 16-12454, 2016 U.S. App. LEXIS 10394, at *6 (11th Cir. June 8, 2016) (concluding that a companion conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), "clearly" qualifies as a "crime of violence" under the § 924(c)(3)(A) use-of-force clause without regard to the § 924(c)(3)(B) residual clause); *In re Colon*, ___ F.3d ___, ___, Nos. 16-13021-J, 16-13264-J, 2016 U.S. App. LEXIS 11645, at *9 (11th Cir. June 24, 2016) (concluding that a companion conviction for aiding and abetting a Hobbs Act robbery "clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)" without regard to the § 924(c)(3)(B) residual clause).  In those cases, the § 924(c) companion conviction clearly qualified as a crime of violence.

The applicant's argument that *Saint Fleur* and *Hines* conflict with *Pinder* fails because the companion conviction in *Pinder* was conspiracy to commit Hobbs Act robbery, while *Saint Fleur* and *Hines* involved different companion convictions, that is substantive Hobbs Act robbery and armed bank robbery under § 2113(a) and (d), respectively.  Indeed this Court specifically

distinguished *Pinder* in both *Saint Fleur* and *Hines*.   Therefore, we reject the claim that under the prior panel precedent rule, *Pinder*, not *Saint Fleur* and *Hines*, control Gordon's case.[4]

Accordingly, *Saint Fleur* controls and we need not decide the § 924(c)(3)(B) residual clause issue in this particular case because even if *Johnson*'s rule about the ACCA residual clause applies to the § 924(c)(3)(B) residual clause, Gordon's claim does not meet the statutory criteria for granting his § 2255(h) application.   This Court has held that a companion Hobbs Act robbery conviction, such as Gordon's, qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A) without regard to the § 924(c)(3)(B) residual clause.   *Saint Fleur*, 2016 U.S. App. LEXIS 10395, at *9-10.   This means Gordon's § 924(c) sentence would be valid even if *Johnson* makes the § 924(c)(3)(B) residual clause unconstitutional.

## V.    CONCLUSION

Because Gordon has failed to make a *prima facie* showing that his proposed claim meets the statutory criteria, his applications for leave to file a second or successive motion are hereby DENIED.

---

[4]Similarly, the argument that *Saint Fleur* and *Hines* conflict with this Court's subsequent order in *Rogers* fails because *Rogers* involved an ACCA claim, not a § 924(c) claim.   Indeed, *Rogers* neither conflicts with our holdings in *Saint Fleur* and *Hines*, nor informs our analysis of *Johnson*-based § 924(c) claims.

In ACCA cases like *Rogers*, the federal sentencing court must examine prior state court convictions, often from multiple state jurisdictions, to determine whether those convictions qualify as violent felonies for the purposes of applying a federal sentencing enhancement.

In contrast, in § 924(c) cases, the federal sentencing court and this Court examine whether a contemporaneous companion federal conviction, charged in the same federal indictment as the § 924(c) charge itself, qualifies as a crime of violence.   As in Gordon's case, the § 924(c) charge *expressly identifies* the companion crime of violence.    Then, the federal sentencing judge either accepts a guilty plea of, or conducts a trial on, the § 924(c) charge *and* its companion crime of violence.   This makes the determination of whether a defendant has made a *prima facie* case of a *Johnson*-based claim decidedly easier and clearer in § 924(c) cases.